## COTHRAN V. MOORE.

1. In an action founded on a contract of bailment, a demand by the *bailor* of the goods and a refusal to deliver them by the *bailee*, is not the only mode by which the breach of the contract can be shown.
2. The instructions of a court to the jury should be direct and certain ; if they are argumentative and evasive, the judgment will be reversed, if they are of a character to mislead the jury.

Writ of error to the circuit court of Cherokee county.

DECLARATION in assumpsit. Counts on a contract of bailment, and a count on a *quantum meruit* for the sale of goods. Pleas: non ssumpsit, payment, and set-off.

The two first counts show a contract betwen the parties, that the defendant should receive certain goods on storage, and safely and securely keep them for the plaintiff. The breach laid in both counts is substantially the same, and is that the goods were not safely and securely kept, but were lost, and not re-delivered to the plaintiff on request.

At the trial the defendant requested the court to instruct the jury that unless the plaintiff had proved a demand or request, for the goods specified in the two first counts, he was not entitled to recover their value; this way refused and the jury instructed, if the law was as assumed to be by the defendant, the demand had been proved if they believed the testimony of one of the witnesses. This charge, and the omission to give the one requested, were excepted to, and are the only matters covered by the assignments of error. The bill of exceptions is entirely silent as to what facts were in evidence before the jury.

PECK for the plaintiff in error, made the following points:
1. The possession of the bailee being a lawful, and not a tortious possession, a demand was necessary before the action lay.

2. The charge given did not respond to the request of the defendant and is erroneous in assuming that which should have been left to the jury.

J. COCHRAN, contra.

GOLDTHWAIT, J.—1. A request to re-deliver the bailed goods is certainly not essential to enable a plaintiff to maintain his action, in every case where the suit is on the contract of bailment; as in the event either of a tortious conversion or destruction of the goods; or even a loss through the negligence of the bailee. In these and many similar cases, evidence of the facts would dispense with the necessity of a request to deliver, for the contract is shown to be broken by such proof. It is possible, that in this case a repuest might have been ncessary, but, as the bill of exceptions is silent with respect to the evidence before the jury, we cannot say that it was. It was incumbent on the defendant to show the charge to have been the appropriate one under the circumstancts attending the case. Keith v. Patton (2 Stew. 38) Pedon v. Moore (1 S. & P. 71,) Hunt v. Toulman (ib. 178,) Johnson v. Bellew (2 S. & P. 178,) Rives v. McLorky (5 S. & P. 330.

2. We are not prepared to determine that it is erroneous for a court to inform the jury, that if a witness is believed, a particular matter is proved, provided it is shown that the evidence clearly establishes the point; but in this case the court went much further, and left the question raised before it, in such a condition that the jury might have been misled by the instauctions given. We cannot know what was the effect produced by this charge, nor could the jury be in any manner aided by it in arriving at a proper conclusion. They may have considered the point as to the demand, wholly unnecessary to be examined; or they may have understood the court as assenting to the law of the case as stated by the defendant, and cousidered the demand as established by the testimony of the witness referred to; or some of the jurors may have disbelieved the witness, and yet have considered his evidece of no importance under the charge of the court; while

others may have founded their verdict solely on his testimony. It is useless, however, to speculate on the consequences of this charge; it is sufficient to pronounce that it is not warranted by law. Instructions to a jury should be direct and certain; when they are argumentative and evasive, the judgment will be reversed, if they are of a character calculated to mislead the jury.

The instructions given are liable to this objection, and the judgment is therefore reversed and the case remanded.