## NABORS v. CAMP.

1. C having sued E, and issued an attachment, N became the surety of E, in a replevy bond for the delivery of slaves, which was returned forfeited, and an execution issued thereon against him, and his principal. N then agreed with an agent of C, that he would pay $700, if he would give him a discharge from the debt, and damages, but refused to pay the costs. The proposition was accepted, the money paid, and the execution indorsed satisfied as to the debt and damages. After this, the costs were paid, but by whom, did not appear. Subsequently N by motion procured the replevin bond, and the execution which issued upon it, to be quashed, and then brought assumpsit against C, to recover the money paid on the execution. Held, first, that by the agreement entered into by N and C, N was discharged from the payment of the costs, but not E. Second, that notwithstanding the bond and execution were quashed, N could not recover back the money paid upon the compromise, if the contract was kept by C; otherwise, if the contract was violated by him, by coercing the costs from N.

2. A charge is erroneous, which withdraws from the consideration of the jury, facts material to the plaintiff's right to recover, and places it on grounds wholly independent of these facts.

Error to the Circuit Court of Talladega. Before the Hon. S. Chapman.

Assumpsit by the plaintiff in error, against the defendant in error, in the county court of Talladega. The facts upon which a recovery was sought, may be thus stated. Camp sued one English, and pending the suit, sued out an ancillary attachment, which was levied on certain slaves, and replevied by English, with Nabors as his surety, but the replevy bond was made payable to the sheriff, instead of being taken to English, the plaintiff. Camp recovered judgment against English, and the replevy bond being returned forfeited, thereupon execution issued against English and Nabors, on the forfeited bond.

After the execution issued, but before it was handed to the sheriff, Nabors had an interview with one Knox, the agent of

Camp, and told him he believed he could reverse the case in the supreme court, but offered to compromise the matter, by paying $700, if Knox, as the agent of Camp, would give him a discharge from the debt, and damages, and refused to pay the costs, to which proposition Knox, as agent of Camp, agreed. The agent waited a few days, to enable Nabors to see English, the former alledging, that English had sold the negroes, and on his return from English's, paid Knox the $700, who thereupon indorsed the execution satisfied, as to the debt and damages, and left it with the wife of the sheriff. The costs, amounting to near $200, were paid afterwards, but by whom is not stated.

Subsequent to this, on motion of Nabors, the replevy bond, and the execution which issued upon it, were quashed for want of conformity to the statute.

On these facts, the court charged the jury, that if the defendant Camp recovered the judgment as shown, and that execution was issued on the forfeited bond, and was paid by Nabors, and then the bond and execution were quashed, the plaintiff was entitled to recover. To which the defendant excepted.

The defendant moved the court to charge—1. That if Nabors paid the $700 as a compromise of a doubtful right, and that Camp entered satisfaction in full on the execution, in pursuance thereof, the plaintiff could not recover.

2. That if the money paid by Nabors was actually due to Camp, the former could not recover.

3. That if English and Nabors executed the bond, and in consequence thereof the negroes were delivered up to English, and that both English and Nabors failed to deliver them, and thereupon execution was issued on the bond—That Nabors agreed to pay $700 in full of all claim, and thereupon that Camp entered satisfaction of the whole claim, the plaintiff could not recover. These charges the court refused to give, and the defendant excepted.

Judgment being rendered for the plaintiff Nabors, the defendant Camp prosecuted his writ of error to the circuit court of Talladega, where the judgment of the county court was reversed, and the cause remanded. From the judgment of the circuit court, this writ is now prosecuted.

S. F. RICE and L. E. PARSONS, for plaintiff in error.

1. The action for money had and received, lies to recover back money collected on a judgment reversed subsequent to the collection. Dupuy v. Roebuck, 7 Ala. Rep. 484.

2. It is no defence to such action for the plaintiff in the reversed judgment to show that a third person (for instance, E. L. Gibson) may have a cause of action against the party suing, growing out of an irregular replevy bond, on which the party suing is merely a surety for the defendant in the reversed judgment. Same case.

3. The irregular replevy bond can be no defence in this case, because it does not show that Camp has any cause of action whatever against Nabors. At best, that bond only shows that Gibson may have a cause of action against Nabors. Besides, the bond can only be enforced in a suit by Gibson—and the damages thereon are unliquidated—and the bond is not "a demand that is a proper subject of set-off." Dupuy v. Roebuck, 7 Ala. Rep. 487.

4. But the charges asked, are abstract, objectionable for form, and the court might well have refused them on that account.

J. T. MORGAN, contra.

1. The defendant in this case had an equitable right to retain the money sued for. Dupuy v. Roebuck, 7 Ala. Rep. 484; Meredith v. Richardson and O'Neal, 10 Ala. Rep. 829.

2. The record shows that Nabors paid the money in compromise of a doubtful liability.

3. The objection that the defendant has no exceptions reserved, is a mere quibble upon the construction of language. It cannot be presumed that a court would be guilty of the folly and injustice of charging the jury in the same breath, that on the facts, the plaintiff was entitled to recover, and on the same facts, they must find for the defendant.

4. There was a conflict in the proof, and such a general charge as the first given by the court, was improper. 9 Ala. Rep. 997.

DARGAN, J.—Although it is clear to my mind, that after the execution was quashed, and the bond declared not to be

a statutory bond, Nabors, in the absence of all other proof, was entitled to recover back the $700 paid by him on the execution that was quashed, yet if this sum was paid by him under an agreement to discharge him from all liability growing out of his connection with the suit, by reason of the bond, and this agreement has been faithfully observed by Camp, then Nabors cannot recover back the money; for this payment under this agreement, would discharge him from any liability he might be under to the sheriff, if the bond was good at common law; and the money would therefore be considered as paid in extinguishment of a doubtful liability, and could not be recovered back.

In addition to the record evidence which shows the issuance of the attachment, the execution of the replevy bond by English, with Nabors as surety, the return of forfeiture, and the issuance of execution thereon, which was quashed before this suit was brought, it appears that Nabors proposed to pay to the agent of Camp $700, in full satisfaction of the damages recovered by Camp, but refused to pay the cost, which amounted to $200. This proposition was accepted by the agent of Camp, and the judgment, to the extent of damages and interest, was satisfied; but the execution was left with the sheriff, who collected the cost, which was received by the plaintiff, in addition to the $700 paid by Nabors. If this cost was collected of Nabors, then the agreement under which the $700 was paid, has been violated by Camp, and Nabors has the same right to recover it back, that he would have had, if the $700 had been simply paid on the execution, without any agreement. But the proposition made by Nabors was, to pay $700 in full of all damages, he refusing to pay the cost. This proposition was accepted by Camp, and which did in fact, or was intended to release Nabors from the cost. But it cannot be said that English was discharged from the cost by virtue of this agreement, or that it was intended that he should be, and whether this cost was paid by Nabors or by English, we are not distinctly informed by the proof. It should therefore have been submitted to the jury to determine, whether this cost was collected of Nabors, or whether it was paid by English. If collected of Nabors, then the agreement under which the $700 was paid, has been vi-

olated. If paid by English, it has not been, and Nabors could not recover. But the charge of the court rendered it wholly unnecessary for the jury to consider, whether this sum was paid under this agreement, or whether Camp had faithfully observed it. The charge in substance was, that if the jury believed, that the $700 was paid by Nabors to Camp, on the execution which had been issued on the bond given for the delivery of the slaves, which execution had been quashed, that the plaintiff was entitled to recover, which amounted to nothing more, than that the record evidence, entitled the plaintiff to a recovery. Under this charge, it became unnecessary for the jury to consider, whether the money was paid under the agreement, or whether Camp had observed it, or whether the sum of $200 had been collected of Nabors, or paid by English, although the evidence rendered it material that these facts should be considered, and determined by the jury. If they had come to the conclusion, that Nabors had paid the $700 under an agreement that he should be discharged from all liability, and the cost had not been collected of him, in violation of this agreement, but had been paid by English, then he would not have been entitled to recover, notwithstanding the evidence afforded by the record of the attachment bond, &c. The charge was calculated to mislead the jury, and did withdraw from their consideration, facts material to the plaintiff's right of recovery, placing it on grounds wholly independent of those facts. That such a charge is objectionable, see Cothran v. Moore, 1 Ala. Rep. 423; Sims v. Sims, 8 Porter, 449; Toulmin v. Lesesne and Edmondson, 2 Ala. Rep. 359.

The judgment of the circuit court, reversing the judgment of the county court, is affirmed.

CHILTON, J., not sitting.