## CARLISLE *vs.* HILL.

1. Where the acceptor of a bill of exchange, drawn for his accommodation, disposes of it at a rate of discount greater than the legal rate of interest, the contract is usurious, and being thus infected, the purchaser cannot be regarded as as a *bona fide* holder.

2. Where one, who is not a *bona fide* holder, acquires a bill of exchange from the acceptor, he takes it in respect to the other parties to the bill, subject to any defence which they could set up against the party from whom he received it.

3. Where the evidence is conflicting, the court commits no error in charging upon it hypothetically.

4. Where there is some evidence in support of the defence set up, a charge, the effect of which is to withdraw the evidence from the consideration of the jury and to determine that it does not sustain the defence, is properly refused.

5. A charge, based on a hypothetical state of facts, directly opposed to the evidence, should not be given.

6. Waiver of notice of non-payment by the drawer of a bill cannot be implied from his receiving of the acceptor, after he has been discharged for want of notice, ample indemnity against his *general liabilities* for him.

7. If ample indemnity against his liability on a bill is received by the drawer from the acceptor, notice of non-payment is not necessary to bind him, but a partial indemnity is insufficient to excuse want of notice.

Error to the Circuit Court of Dallas. Tried before the Hon. Geo. W. Stone.

THIS was an action by the plaintiff against the defendant in error as the drawer of a bill of exchange for $5,500, drawn on and accepted by William Bower & Co., in favor of A. W. Coleman, and by him endorsed, payable at the Bank of Mobile. The material facts disclosed by the bill of exceptions are, that

the plaintiff lent William Bower & Co. $4,500, and received the bill of exchange in suit, dated on the same day, and payable nine months 'after date. It appears by the proof, that Hill & Coleman were in the habit from year to year of signing papers in blank for the purpose of enabling William Bower to renew a large debt due by him to the Life Insurance and Trust Co., and some of the testimony conduced to show that they also furnished them to enable William Bower & Co., who were factors and commission merchants in Mobile, to raise money for the prosecution of their business, but on this point the evidence was conflicting. One of these blanks was filled up by Bower on the day of the loan, before it was shown to the plaintiff, and converted into the bill of exchange now in suit. It did not appear that the plaintiff had any notice other than would be implied from the above state of facts, that the bill had been filled up by Bower, or that he had used it for a purpose different from that intended by the drawer and endorser, when they put their signatures on it. The money obtained from the plaintiff was used by Bower & Co. in their general business as factors and commisson merchants, and not in the payment or renewal of any debt for which the defendant was bound. Other facts are noticed in the opinion of the court. The plaintiff asked the court to charge the jury:

1st. That if they beleived from the evidence that the plaintiff obtained said bill of exchange from Bower & Co. without notice of the circumstances under which it was furnished to said Bower & Co., before the maturity of the bill and for the sum of $4,500 actually paid, and without notice that it had been delivered in blank by Hill to Bower & Co., then the plaintiff was a *bona fide* holder and entitled to recover: which charge the court refused to give, but instructed the jury that if the said Bower & Co. had misapplied it in passing it to the plaintiff—that is to say, that if Bower & Co. received the bill from Hill to extend the debt to the Life Insurance and Trust Co. on which he was already liable, and Brown & Co., instead of so applying it, passed it to plaintiff at a greater discount than eight per cent. and for a different purpose, then the plaintiff was not a *bona fide* holder and could not recover.

2. That if they believed from the evidence that the plaintiff received the said bill of exchange from said Bower & Co.

without notice of any of the circumstances attending its creation and for whose accommodation made and negotiated, and became the holder thereof before maturity and for the sum of $4,500 then paid, that then under the state of proof the plaintiff was entitled to recover of the defendant the amount so paid by him for said bill of exchange; which charge was refused.

3. That if they believed from the evidence that the said blanks so furnished by the defendant to Bower & Co. were furnished for the purpose of renewing or extending others previously filled and sold by Bower & Co., and on which defendant was bound as drawer or endorser, or for the purpose of raising money to pay said bills so sold and about to mature, that then the said $4,500 so paid for said bill was a loan of money or advance of money to Hill the defendant, as well as to Bower & Co., and that the said Hill was not entitled to notice of protest to charge him on said bill of exchange, and that plaintiff was entitled to recover: which charge was also refused.

4. That if Hill had received an assignment of all Bower & Co.'s effects to indemnify him against his general liabilities, and this bill formed a part of such general liabilities, then Hill was not entitled to notice; which charge the court refused to give, but charged the jury that if, before the maturity of this bill, Hill had received an assignment of all Bower & Co.'s effects to indemnify him against it, then that would dispense with notice, but that an indemnity would not have that effect unless given before the maturity of the bill, and was also given to indemnify against this bill, &c.

To the several refusals to charge as requested, and to the charges given, the plaintiff excepted, and now assigns them as error.

I. W. GARROTT, for plaintiff in error:

1. The first charge asked for should have been given—1st. Because there is no evidence tending to show that the contract of the plaintiff was usurious. The bill was made, it is true, to raise money, but there is nothing in the evidence to establish the fact that this money was to be raised on a usurious contract. The bill was offered in market and was *sold* to the plaintiff. The question of usury is a question of inten-

tion, and to make good the defence of usury, it should have been shown that the plaintiff intended to receive usury by evading the statute. This was not done: he was ignorant of the circumstances under which the bill was made.—Cameron et al. v. Nall, 3 Ala. Rep. 158; Wright v. McAlexander, 11 ib. 236. 2. If plaintiff was not guilty of usury, then he was entitled to recover, although the note may have been applied to a different purpose to the one intended by the defendant.— Saltmarsh v. Juthill, 13 Ala. Rep. 390, 404. 3. The charge ought to have been given, because there was evidence tending to show that the blank out of which this bill was made was given with others to Bower & Co. to raise money to carry on the commission business generally; and although there was a conflict of proof on this point, the court ought to have left the jury to weigh the evidence and to determine whether or not the bill was misapplied by Bower & Co. This, however, the court refused, by refusing this charge; and this refusal and the charge given immediately afterwards took this question of fact entirely from the jury.

2. The charge first given was erroneous, for the reason already given, to-wit, that the plaintiff bought the bill, having no notice of the circumstances under which it was made, and not being a party to any usurious contract (for there was no proof that there was any such between any of the parties.) He was therefore an innocent holder of the bill, and entitled to recover. Cameron et al. v. Nall, 3 Ala. Rep. 158.

3. The second charge asked for ought to have been given, for the reasons already stated, and this additional reason: There was proof tending to show that the defendant furnished Bower & Co. with this and other blanks to be used in their general business as commission merchants; and though there was a conflict of proof on this point, the court should have left the jury to determine, as before stated, whether or not this bill was misapplied; because, if it was not applied to a purpose different from that intended by the drawer, then clearly the plaintiff was entitled to recover the $4,500 which he had paid for this bill, *although the contract under which he paid it may have been usurious*—Saltmarsh v. Juthill, *supra*; otherwise the law would suffer defendant to inflict a fraud upon plaintiff.— Chitty on Bills, 9 Am. Ed. 335; Story on Bills, 191, 253.

4. The third charge asked for was also proper.  If the defendant gave the blanks to Bower & Co. for the purpose of raising money to pay or extend the Life Insurance and Trust Co. debt, and Bower & Co. used them to raise money, and the plaintiff paid the money thereon without notice of the particular purpose for which the blanks were given, then Bower & Co. were the agents for defendant in negotiating the bill, and he is bound by their acts, and the plaintiff would be entitled to recover the sum actually paid by him on the bill as money loaned to defendant; and as the bill was given solely for this purpose, and defendant had no funds in the hands of Bower & Co. out of which the bill was to be paid, the defendant was not entitled to notice of protest—he was not and could not be injured for want of a notice.   Story on Bills, § 275; ib. § 313, a.;  Chitty on Bills, 9 Am. Ed. 468.

5. The last charge asked for was proper, and the court should have given it in the words in which it was asked, (Hinton v. Nelms, 13 Ala. Rep. 226;) and although the court may have subsequently given in substance the charge asked for, that is not sufficient—see same case.

If defendant had received as an indemnity against all his liabilities for Bower & Co. an assignment of their effects, and this bill was a part of such liabilities, then he had no right to expect or demand notice of the dishonor of the bill, because he was already indemnified, (Story on Bills of Ex. § 316;) and the court should have permitted this question of fact to go to the jury.   But the court most effectually deprived the jury of the right to determine this question, by refusing the charge asked for.

The court also erred in the charge given immediately afterwards.   That charge in effect states the law to be this—that an accommodation drawer or endorser *cannot* be so indemnified against his general liabilities as to excuse notice; but that the only indemnity which will excuse want of notice is an indemnity against a particular bill or particular bills.   This is clearly not the law.   This is a question of agreement between the parties who made this bill.   They or any of them had a right to make any arrangement they might choose as to their liability thereon, and by that arrangement to waive notice, either generally or specially; and if defendant did receive in-

demnity against his general liabilities, and this bill was among those liabilities, he had a right so to do, just as much as he had a right to take indemnity against any particular bill or bills, (Story on Bills, § 320;) and it being a question of fact, the court should have left the jury to determine it, and not have decided it as a question of law.

LAPSLEY & EVANS and SAFFOLD & BOLLING, for defendant in error:

1. The first charge prayed for by the plaintiff was properly refused. The principle assumed in the charge asked for is in direct opposition to the law, as determined by this court in Saltmarsh v. Tuthill, 13 Ala. The charge given is free from error, and is fully sustained by the case of Saltmarsh v. Tuthill, *supra.*

2. The second charge requested by the plaintiff, when taken in connection with the proofs to which it refers, is but a reiteration of the first.

3. The third charge prayed for is abstract, but if otherwise, the charge could not appropriately have been given. The statement of the evidence, given in the bill of exceptions, in connection with this charge as asked for, shews that there was not a particle of evidence to rest it upon. The action is on the bill; Hill, if liable at all, is liable on the bill. The mere fact (if there had been any proof to authorise such an inference) that the money was to be paid on some indebtedness of Bower, on which Hill was already liable, does not make Hill the debtor of Carlisle, nor dispense with the necessity of notice to Hill. The ultimate destination of the money cannot affect the legal rights of the parties, or change the character of the transaction.

4. The last charge asked for, as respects the supposed indemnity, was properly refused. Applied to the facts as stated on the record, there was certainly no pretence for such a charge. Hill had received no indemnity against the bill. The charge asked for assumes that if Hill had received an assignment of effects of Bower, to indemnify him against his general liabilities, whether productive or not, that this would excuse the want of notice—a proposition which certainly cannot be supported.

5. That the bill was in the hands of the acceptor, is notice

to the holder that it is but accommodation paper. Wallace v. Br. Bank at Mobile, 1 Ala. 565; Saltmarsh v. P. & M. Bank, 14 Ala. 668. The holder becomes possessed of the bill, by violation of a public statute, and so he is precluded from the protection accorded to a *bona fide* holder. He takes the bill, chargeable with notice of every infirmity in the bill. Saltmarsh v. Tuthill, and Saltmarsh v. P. & M. Bank, *supra*.

The transaction between Bower & Co. and Carlisle, the holder, was a *loan* of money, and not a sale of the bill, and if more than the rate of 8 per centum per annum was reserved, it was usurious. See Saltmarsh v. Tuthill, and Saltmarsh v. P. & M. Bank, *supra;* Powell v. Waters, 17 Johns. 179; Munn v. Com. Co. 13 Johns. 55.

CHILTON, J.—This was an action of assumpsit by the plaintiff in error against the defendant as the drawer of a bill of exchange, for the sum of five thousand five hundred dollars, drawn on William Bower & Co. and by them accepted, payable to A. W. Coleman or order, at the Bank of Mobile, and by him endorsed to the plaintiff. Many special pleas were interposed by the defendant, avering among other things fraud in the execution of the bill—want of consideration, usury, &c., but as no question arises upon the pleadings, it will be unnecessary to state them more particularly.

The points for our revision arise out of a bill of exceptions which was sealed by the presiding judge. It appears that the plaintiff loaned to W. Bower & Co. the sum of $4500 cash, and on the day it bears date received from them the bill in suit for $5500, having nine months to run. It was shown that this bill was with several others signed in blank by Hill & Coleman, and that they were in the habit from year to year, of signing papers in blank, for the purpose of enabling William Bower, and William Bower & Co. to renew a large debt due from Bower to the Life Insurance & Trust Company, on which Hill was bound as surety for Bower, and also to enable them to raise money for the prosecution of their business, said Bower & Co. carrying on the business of Factors & Commission Merchants in the city of Mobile. The bill in suit was filled up by Bower, before it was shown to the plaintiff, and the latter had no notice of the manner in which the bill had

been drawn and filled up, or the purpose for which it was executed, save such as the law may imply from the above facts.

The plaintiff asked the court to charge the jury, that if they believed from the evidence, that the said plaintiff obtained said bill of exchange from said Bower & Co. without notice of the circumstances under which the same was furnished to them, before the maturity of said bill, and for the sum of four thousand five hundred dollars actually paid, and without notice that it was in blank when handed by Hill to Bower & Co. then the plaintiff was a *bona fide* holder, and entitled to recover. This charge, the court refused, and charged in lieu thereof, that if the firm of Bower & Co. misapplied the bill in passing it to the plaintiff—that is to say, if Bower & Co. received the bill from the defendant to extend the debt in the Life Insurance & Trust Company, on which he was already liable, and Bower & Co. instead of so applying it, passed it to the plaintiff at a greater discount than eight per cent, and for a different purpose, then the plaintiff was not a *bona fide* holder, and could not recover against Hill.

Before proceeding to state the other charges, let us examine the correctness of the charge refused and that above stated, as given. We think the proof most satisfactorily shows that the contract, by which Bower & Co. parted with this bill to the plaintiff, was usurious. In the hands of Bower the bill was no more than waste paper, as it was in blank and endorsed for his accommodation, and until put in circulation, or negotiated by him, had no vitality. This being the case, the law is well settled, that if the bill is sold at a rate of discount greater than the legal rate of interest, the contract is usurious. Were the law not so, the facilities afforded for avoiding the statute of usury would render it a dead letter upon the statute books. See Metcalfe v. Watkins, 1 Porter's Rep. 57–91; Munn v. Commission Co. 15 Johns. Rep. 56; Powell v. Walters, 17 ib. 179; Saltmarsh v. Plant. & Mer. Bank, 14 Ala. Rep. 668, 680, and other authorities cited. In the case last cited, which is very analogous in its facts to the case at bar in respect to the question of usury, we held, that Bower & Co. being the holders of the bill was evidence to charge the endorsee contracting with said firm, with notice that it was drawn by Hill and endorsed by Coleman for the accommodation of

the acceptor, who by its negotiation gave it vitality. The plaintiff having advanced $4500 in money in consideration of the bill transfered to him by the acceptors, being for $5500 and having nine months to run, and thus agreeing to receive one thousand dollars, instead of $270, the lawful interest, must be regarded as a usurious holder, and being affected by usury, cannot be considered a *bona fide* holder. This was expressly decided by this court in another of this class of cases not very unlike the present. See Saltmash v. Tuthill, 13 Ala. Rep. 390–410. The principle settled in the two cases last refered to is decisive to show, that the court did not err in refusing the first charge asked by the plaintiff, or in giving the charge in lieu thereof; not being a *bona fide* holder in the usual course of trade, the defendant could set up any defence which would have availed him as between the original parties, to defeat the plaintiff's action, and as there was some evidence to show that the bill had been misapplied by Bower & Co. and used for a purpose different from that designed by the drawer when he signed it, it was perfectly correct in the court, to charge hypothetically, that if the jury believed the bill had been so misapplied, and they should find the contract usurious, the plaintiff was not entitled to recover. The charge of the court did not, as the counsel supposes, exclude from the jury the investigation of the fact whether the bill was misapplied, but the jury were to determine the fact in the affirmative before the charge could affect the result of the case. Where the evidence as to the existence of a fact is conflicting, the court may hypothetically state the fact as existing, and predicate his charge upon it. If the charge thus given is supposed to influence the mind of the jury in determining upon the fact, the opposite party should pray the court to state the law as applicable to the converse of the facts supposed.

We have already said that the plaintiff, having acquired the bill by a usurious contract from the acceptors, must be charged with notice that the defendant drew it for the accommodation of the acceptors, and that if the bill was used for a purpose other than that for which it was drawn, it could not be recovered. It follows as a corollary, that the second charge prayed for by the plaintiff was properly refused; for it assumes, irrespective of the question, whether or not the bill was misapplied,

Carlisle v. Hill.

that the plaintiff, if he had on notice of the manner in which it was drawn, &c., was *under the state of the proof*, entitled to recover the $4500 advanced by him for the bill. The usury let in the defence of misapplication, (Saltmash v. Tuthill, *sup.*) and the evidence conflicted as to the fact upon which the defence rested. It would therefore have been improper in the court to have decided that the proof did not sustain the defence, which is the effect of the charge. Philips v. McGrew, 13 Ala. Rep. 255; Nabors v. Camp, 14 Ala. Rep. 460.

The third charge which was prayed for by the plaintiff below, is clearly abstract, as there was no proof (as the bill of exceptions distinctly avers,) that the money was advanced to be used in the payment of any debt for which Hill was bound, or that it was so used. On the contrary, the only witness who testified on the subject, (and that witness was Bower himself) swore that he obtained the money to use in his general business as commission merchant, and that it was so used. The court should not charge the jury in the absence of all proof upon which to predicate such charge, much less should it be required to charge upon a hypothetical state of facts directly opposed to all the proof. The last charge prayed for by the plaintiff, asserts the general proposition, that if an accommodation drawer receives from the acceptor of the bill an assignment of all the acceptor's effects to indemnify him against his general liabilities, although such liabilities exclusive of the bill sued on, may amount to a sum greatly beyond the extent of the indemnity, still the drawer is not entitled to notice of non-payment, and this irrespective of the time when the assignment was made. The charge under the state of facts as shown in the bill of exceptions would have been well calculated to mislead the jury, as the evidence was that no indemnity had been afforded the defendant until after the maturity of this bill, and then was given to provide against the liability of the defendant generally, he being liable for the acceptors for the amount of some $70,000 aside from this bill. It is not denied but that the defendant was entitled to notice, unless this indemnity excuses it. The accommodation drawer for the benefit of the acceptor is entitled to notice, even though he knew the acceptor was insolvent when the bill was drawn. Story on Bills, § 375, 311, 312, 314, 316, 369, 370. The same

author futher says, in section 376, " the fact that the acceptor has told the drawer before the maturity of the bill, that he could not take it up, and the drawer must, and that the acceptor has given money to the drawer for that purpose, will not excuse the want of due presentment; nor that the drawer, in apprehension of the dishonor of the bill, has lodged other money of the acceptor in the hands of the endorser, upon an undertaking by the endorser to return it, if he should be exonorated from the payment of the bill." Cleage v. Cotton, B. & P. 239.—The rule requires that the drawer must either expressly or impliedly consent to waive the notice required by law to hold him liable. This could never be implied from his receiving indemnity from the acceptors, even though it should be ample, against his general liabilities, *after* he had been discharged for want of notice; for the bill in such case created no liability and consequently would not be provided for by the indemnity. But the authorities above refered to are conclusive to show that under the proof in this cause, there can be no doubt of the right of Hill to be notified in due time of the non-payment of the bill, and as the only indemnity which Hill received of any value, was a negro woman slave, who was turned over to him by Bower & Co., after the bill matured, it follows that the charge asked, taken in connection with the proof upon which it was predicated, was erroneous and calculated to mislead the jury. If a surety, or endorser, or accommodation drawer, receive *ample* indemnity against a liabilty which they have incured, in such case notice is not required, or in case of a surety, he is not discharged by delay being given by the creditor to the principal debtor.—4 Ala. Rep. 223–4. In such case, says Judge Story, he cannot complain of any loss or injury for want of notice, since he has funds in his hands to meet the payment. Story on Bills, 316, and authorities in n. 2. But partial payment or indemnity will not dispense with notice.

Construing the charges refused and those given as applicable to the facts of the case, we think there can exist no doubt of the correctness of the decision of the primary court in refusing the charges prayed for, and that the charges given, especially the last one, is as favorable to the plaintiff, and perhaps more so, than the law will warrant. Let the judgm't be affirmed.

DARGAN, J., not sitting.