## WATERS *vs.* SPENCER, ADM'R.

1. The charges of the court must be construed with reference to the proof upon which they are predicated.
2. A charge which assumes a fact as proved which is not, may properly be refused, although the fact in itself is immaterial.
3. When the vendee brings assumpsit to recover money paid on a contract of purchase, in the absence of all proof as to the terms of the contract, the court cannot assume that the retention of possession by the plaintiff was inconsistent with his right to rescind, or that an offer to return the premises was indispensable to the exercise and perfecting of that right.
4. And in such case, it is error to instruct the jury that certain acts of the defendant might be regarded by them as evidence of a violation of the contract on his part, or such a repudiation of it as would justify its abandonment by the plaintiff.
5. The vendor's *intention* to abandon the contract will not justify the vendee in treating it as at an end, so as to enable him to sue for the purchase money which he has paid.

ERROR to the Circuit Court of Tuskaloosa.
Tried before the Hon. GEO. D. SHORTRIDGE.

This was an action of ASSUMPSIT, by the defendant in error against the plaintiff, to recover certain moneys alleged to have been paid by the plaintiff's intestate, in part execution of a contract for the purchase of the premises known as the Bell Tavern in the city of Tuskaloosa. All the evidence is set out in the bill of exceptions, from which it very clearly appears that a contract for the sale of said premises by Waters to Donalson was entered into, and that the money sued for was paid by the latter to Waters in part execution of such agreement; but what the terms of the contract were, or whether it was reduced to writing, or was verbal merely, does not appear in any portion of the record. All that does affirmatively appear is, that there was a contract of sale by Waters to Donalson; that the latter had possession, and that his widow has remained in possession since his death and still retains the premises. The evidence further conduced to show, that a balance over and above the amount paid by Donalson was due and unpaid, as appears by his letter to Walters and the testimony of a witness.

In 1845, Waters commenced suit against Mrs. Donalson, the widow, in the District Court of the United States, to recover the premises. This suit was dismissed by the court, for want of jurisdiction. Afterwards, and before this suit was commenced, Waters brought an action for the recovery of the rent of the premises against the administrator of Donalson, who successfully defended the action, the jury returning, as the reason for their verdict, that they found there had been a contract of purchase.

After the commencement of this suit, Waters instituted his action in the Circuit Court of Tuskaloosa, of trespass to try title, to recover the possession and damages for the detention of the premises, against Mrs. Donalson. The several exemplifications of the records of these suits were allowed to be introduced as evidence by the plaintiff below, against the objection of Waters. It was also made to appear, that Waters had made out an account for the rent against the estate of Donalson, and presented it to one of the administrators thereof, for $4,800, which the administrator refused to pay, on the ground that there was a subsisting contract of purchase; that this was before the suit for the rent. The

estate of Donalson was shown to have been reported insol-
vent by the administrator to the Orphans' Court, and had been
so declared.

This being substantially all the evidence, the court was
asked to charge the jury, by the counsel for the defendant,
in substance, that, if the $5,000 sued for was given in part
pay for the premises, and the widow of Donalson retained the
possession of the said premises so sold, they must find for the
defendant. This charge the court refused. The defendant
asked the further charge, that to authorize a recovery in this
case, it was incumbent on the plaintiff to show by proof that
the contract had been rescinded before the commencement of
this suit, either by the consent of the defendant, or that he
had done some act showing an intention to repudiate the con-
tract of sale, and that thereupon the plaintiff had returned, or
offered to return the premises to him, or had abandoned them
to the plaintiff. This charge as asked the court refused to
give, but charged the jury, that the plaintiff must show by
proof that the sale of the premises had been rescinded by the
defendant's consent, or that he had done some act manifesting
his determination to repudiate the contract; and that the
plaintiff was not bound to show that he had returned or of-
fered to return the premises, or had abandoned them, or that
the defendant had taken possession of them; that bringing
suit for the rent of the premises and for their possession, were
circumstances from which the jury might infer the intention
of the defendant to repudiate the contract; and if they be-
lieved from the testimony, that the defendant did intend to
abandon the contract, it was then at the option of the plaintiff
to treat the contract as rescinded and sue for the purchase
money. To the refusal to give the charge asked, and to the
charge given, the defendant excepted.

The court was also further asked to charge, that it required
the consent of both the parties to repudiate the contract for
the sale of the premises; and that, although the defendant
may have done some act manifesting a determination to re-
pudiate the contract, yet the plaintiff must have done some
act manifesting his determination to rescind also; and that
the bringing of the suit in this case was not such an act as
was required, but that the act must be such as would bind the

plaintiff to a rescission before the commencement of this suit. This charge the court also refused to give, and instructed the jury, that although it required two persons to make or rescind a contract, yet, that after the defendant had done acts manifesting his intention to repudiate the contract, or had repudiated the same, the plaintiff had a right to sue for the purchase money, and the bringing of the suit was a sufficient manifestation on his part to do so, to authorize a recovery. To this charge and refusal to charge as asked, the defendant excepted.

Defendant asked the further charge, that if the widow of the plaintiff's intestate had retained the adverse possession from the death of the intestate to the time of trial, they must find for defendant. This charge was likewise refused.

The admission of the testimony objected to, and the refusals to charge as asked by the defendant's counsel, as also the affirmative charges given by the court, are here assigned for error.

J. L. MARTIN, for plaintiff in error:

An administrator cannot rescind a contract for the purchase of land made by his intestate, whether executed or not, so far as the payment of the purchase money is concerned. The aid of a court must be invoked, in a proceeding where the heir is a party. Smith v. Bond, 2 Ala. 660.

The court erred in the charges given and refusals to charge as requested. Before a recovery could be had, the plaintiff in error should have been placed in *statu quo.* The vendee could not retain possession of the premises adversely to the vendor, and recover in this action. And this we contend is true, even where the contract is by parol, and possession is taken and retained by the vendee. Cope v. Williams 4 Ala. 362; Merideth v. Nash, 3 Stewart, 207; Duncan v. Jeter, 5 Ala. 604; Christian v. Scott, 1 Stewart 490; Stone v. Gore, 1 Ala. 287; Borum v. Garland, 9 Ala. 452; Wade v. Kellaugh, 3 Stewart, & P. 431; Gillespie v. Battle, 15 Ala. 276, and cases there cited.

A contract can only be rescinded by the consent of both parties. A proposition by one to rescind, must be accepted by the other at the time it is made; the agreement must be

mutual, and equally obligatory on each. One party cannot affirm the rescission for one purpose, and deny it for another. The party who claims the benefit of a rescission from the acts of the other party, must act promptly, and at once do whatever is incumbent on him. He cannot wait and receive one advantage from the delay, and then claim a rescission. 9 Porter 420; 2 Ala. 181.

The bringing of the suit for rent did not authorize the defendant in error to treat the contract as rescinded, and to recover in this action. And if it did, the defence of that suit, by affirming the contract of sale, estopped him from afterwards insisting that it was thereby rescinded. That suit was ended before the commencement of this action, and in favor of the defendant in error, upon the ground that the contract was valid and subsisting.

It was incumbent on the plaintiff below to make out a *prima facie* case, and this he entirely failed to do. He only proved that the money was paid on account of a contract of purchase. He should have gone on and shown what the terms of that contract were, and that it was either void or rescinded, so that he was entitled to recover back the money paid.

The mere *intention* of the defendant to abandon the contract, could not authorize the plaintiff to repudiate it, or treat it as abandoned.

E. W. PECK, *contra:*

1. The contract, for the sale and purchase of the premises mentioned in the bill of exceptions, was not in writing, but a verbal contract merely without any thing to take it out of the statute of frauds; therefore, no specific execution · of it could have been enforced, but either party might repudiate it. Allen v. Booker, 2 Stewart's Rep. 21; Keeth v. Patton, ib. 38; Smith v. Wooding, 20 Ala. 329; Goodwin v. Lyon, 4 Porter 297.

2. If this objection did not exist, then, *stricti juris,* the plaintiff could only have rescinded the contract, on the repayment of the purchase money; yet, inasmuch as he claimed the privilege of doing so, without such repayment, the defendant might acquiesce in such rescission, and bring his ac·

tion to recover back the money paid to the plaintiff by his intestate. Castleberry v. Pearce, 5 Stewart & Porter, 156.

3. The evidence, if it does not clearly prove, at least tends to prove, that the plaintiff treated the contract as rescinded. The claim made by him for rent, and bringing suit to recover the premises, are acts consistent only on the hypothesis, that he considered the contract rescinded; consequently the action to recover back the money paid, under the contract, was well brought by the administrator of the deceased. 5 Stewart & Porter, *supra*. There is no evidence in the record that shows the terms of the contract of sale in this case, how much was to be paid for the premises, or when due, or when, or at what time, the title was to be conveyed. How then could this contract have been specifically decreed?

4. The defendant was not in possession; nor was the party in possession, in under the defendant, nor had the defendant any power or control over her. This, then, is not a case in which it was necessary, to entitle the defendant to recover, to put the plaintiff in possession. Therefore, the charges of the court on this subject, are not erroneous; the charges given were, at least, as favorable for the defendent, as the facts of the case warrant. The last charge was properly refused, because the evidence does not show that the possession of Mrs. Donalson was adverse; it merely showed that she as widow had continued to reside on the premises where she was left at the death of her husband. But, if adverse, how can that affect the defendant's right to recover? The plaintiff could not be compelled specifically to execute the contract, because, it was a mere verbal contract, the terms of which are unknown; moreover, he had evinced a determination not to execute it. As the defendant was not in the possession, and never had been, his right to recover back the money paid by her intestate, under the circumstaines, cannot be affected by the possession of Mrs. Dolanson, whether adverse or not.

There is no evidence that the defendant, or any one of his predecessors, ever had the possession of the premises, or any control over them. How then was he bound to restore the possession? The evidence shows that the plaintiff was prosecuting his action for the possession against Mrs. Donalson, and if he has not, he will recover the premises, and damages

for the *mesne* profits. If the defendant fails in this action, the plaintiff will have the premises and his judgment for the *mesne* profits, and also will be permitted to retain the five thousand dollars received by him, as a part of the purchase money, under a contract of sale, which he cannot be compelled to execute, and the defendant will be without remedy.

Again, as the plaintiff by his acts had determined not to abide by the contract, but to rescind the same, is not this a case in which the defendant might well maintain his action to recover back the money paid without restoring the possession, even if it had been in him? As the plaintiff was a non-resident, might not the defendant well retain the possession, as a security for the money paid, without interfering with his right to sue to recover it back?

CHILTON, C. J.—It is unnecessary that we notice each of the charges which were refused and those given by the court separately, as the general view which we take of the law applicable to the case will dispose of them.

The bill of exceptions sets out all the proof; and it is the settled rule, that the charges must be construed with reference to the proof upon which they are predicated. It is also required of every plaintiff, to make out his case by evidence sufficient to satisfy the jury who are to pass upon it, of the truth of the material facts alleged by him of an affirmative nature, and upon which he bases his right to recover. So, also, if the court gives instructions to the jury, adverse to the interests of the defendant, as to matters of law arising upon a given state of facts, the plaintiff must have introduced some evidence tending to prove the existence of the facts hypothetically stated, or assumed as the foundation of such charges; otherwise such instructions would be abstract, and if they mislead the jury, or have an evident, necessary tendency to mislead, the revising court will, for that reason, reverse the judgment which may have been rendered against the defendant. Keenan v. Holloway, 16 Ala. Rep. 53; Cothran v. Moore, 1 Ala. Rep. 423.

It is further well settled by numerous decisions of this court, that a charge which assumes that a fact is proved which is not, although the fact in itself be immaterial, may properly

be refused. Thompson v. Armstrong, 5 Ala. Rep. 383; Yarborough v. Moss, 9 Ala. Rep. 382; Brown v. Isbell, 11 Ala. Rep. 1010. And it has also several times been decided, that a charge is erroneous, which withdraws from the consideration of the jury facts which are material to the plaintiff's right to recover, and places that right on grounds wholly independent of these facts. Nabors v. Camp, 14 Ala. Rep. 460; Carlisle v. Hill, 16 Ala. Rep. 398.

Applying these general principles to the charges asked and denied by the court, as well as to those given, and we have no difficulty in arriving at a satisfactory conclusion respecting them.

It is perfectly clear to our mind, that, in the absence of all proof as to the terms of the contract which existed between Waters and Donalson, for the sale of the premises, and on account of which the money was paid which is sought to be recovered back in this action, the court very properly refused the charges asked by the counsel for the defendant below; for how could the court, in the absence of all knowledge or information respecting the nature and terms of the contract, assume that the retention of the possession by Mrs. Donalson was inconsistent with the right to rescind, or that it was indispensable in order to the exercise and perfecting of that right that there should have been a return or an offer to return the premises? Conceding that a contract cannot ordinarily be rescinded but by the consent of both parties to it, yet there may be, and have been many contracts, to which this rule does not apply; and how can the court be presumed to know, in the absence of all knowledge of its terms, that this is not one of them?

As we have above intimated, a party who asks a charge must pave the way for it, must put the court in possession of such facts as will enable the judge to declare the law understandingly, so as to meet and decide the case which the facts make or tend to establish. In this case, the court was left unaided by evidence, to ascertain what the agreement was, and the charges prayed sought to affix to it legal consequences which might or might not result, according as the nature and terms of the agreement might embrace or exclude them. But we have seen that the court cannot properly

assume a material fact as proved, especially in the absence of all testimony tending to establish it, and predicate charges upon it materially affecting the result. It follows, therefore, that there was no error in refusing the charges prayed for by the counsel for the defendant in the court below.

While, however, this argument, as we think, satisfactorily shows that the court did not err in refusing the instructions prayed for, it is equally conclusive to show that the court mistook the law in the charges which were given. When the court undertook to instruct the jury, that certain acts of Waters might be regarded by them as evidence of a violation or abandonment of the contract on his part, it was evidently deciding upon the legal effect of a contract not before it, and about which it could judicially know nothing; *non constat*, by its terms, it may make provision for the retention of possession by the grantor, or, at his election, for the payment of rent by the grantee until the purchase money should be paid ; or it may be the case of an ordinary sale with a bond for title, in which event the grantor may recover the possession at law as a means of enforcing his lien for the purchase money. Be this as it may, the plaintiff failed to lay a predicate by proof for the charges which affirm that certain acts might be regarded by the jury as violative of the agreement on the part of Waters, or as evidence of a repudiation of the contract of sale on his part, justifying its abandonment by the administrator of Donalson.

But there is another and fatal objection to the charge given, which asserts that the intention to abandon the contract on the part of Waters, justified the plaintiff below in treating the contract as at an end, thus enabling him to sue for the purchase money. In no aspect of the case could the mere intention to abandon, and which was not carried out, amount to an actual abandonment, or justify the purchaser in so treating it. As well might a party who conceives an intention of violating his contract, but who does not in fact commit a breach of it, be visited with all the consequences of an actual violation.

But it is argued by the counsel for the defendant in error, that this was a mere verbal sale of real estate, void by the statute of frauds, and destitute of such circumstances of par-

tial performance as confer upon the vendee a right to demand in equity a specific performance; and that consequently the purchaser might disregard it. Without deciding upon the correctness of this conclusion as a matter of law, it is a sufficient answer to say, that the record fails to establish the premises as matter of fact; for it no where appears that the contract was verbal merely, and the letter of Donalson, coupled with the recital in the receipt of Wright which the plaintiff below introduced, and which states that Donalson was then in possession of the property on account of which the money was paid, tend to show such a part performance, as, connected with clear proof of the terms of the contract, and a long possession under it, would entitle the party to a specific execution of the agreement in equity. The fact that the terms of the contract are not proved in this case, can confer no benefit on the plaintiff below, whose duty it was to prove what they were, in order to show his right to recover by reason of their violation or abandonment by Waters, or their insufficiency to impose a legal obligation on Donalson to abide by them. To hold otherwise, would be to enable a party to recover because of the absence of proof, the burthen of making which the law imposes on him.

We do not deem it proper to go into an investigation of the other points raised, as it is manifest from the record that the whole case is not before us, and an opinion upon a partial presentation of it might serve to mislead. The errors we have pointed out are decisive of the case in this court.

Let the judgment be reversed, and the cause remanded.