DONALDSON'S ADM'R *vs.* WATERS' ADM'R.

[ASSUMPSIT TO RECOVER BACK PURCHASE-MONEY PAID UNDER PAROL CONTRACT FOR SALE OF LAND.]

1. *Demurrer to evidence.*—When a demurrer to the evidence is interposed by the defendant, and issue is joined thereon, it is the duty of the court to render judgment against him, if the jury could have legally found a verdict against him on that evidence.

2. *Facts occurring after commencement of suit.*—Facts which occur subsequent to the commencement of an action cannot authorize a recovery in it.

3. *Rescission of contract.*—A mere unexecuted intention, on the part of the vendor, to abandon the contract, does not amount to an actual abandon-

ment, nor justify the purchaser in so treating it; nor does the mere insti-
tution of a suit by the vendor against the purchaser, to recover the rent of
the land, and of another action against the purchaser's widow, to recover
the land itself, each of which actions was successfully defended, authorize
the purchaser to consider the contract rescinded, or to recover back the
purchase-money which he has paid.

4. *When purchaser cannot recover money paid under parol contract for sale of land.*—
A purchaser of land under a parol contract, who retains the uninterrupted
possession of the land, cannot recover back, at law, a part of the purchase-
money which he has paid, when the contract has not been rescinded.

APPEAL from the Circuit Court of Tuskaloosa.

Tried before the Hon. ANDREW B. MOORE.

THIS action was brought by the administrator of Peter
Donaldson, deceased, against the administrator of John
C. Waters, deceased, to recover the sum of $5,000, paid
by said Donaldson to Waters, on the 7th January, 1837,
as a part of the purchase-money for a tract of land; and
was commenced by attachment, on the 19th July, 1847.
The defendant pleaded the general issue, and the statute
of limitations of six years; and issue was joined on these
pleas.

The plaintiff's evidence, as set out in the judgment
entry, is substantially as follows: He first proved and
offered in evidence a letter from Waters to Donaldson,
dated December 28th, 1836, requesting the latter to pay
to one Wright, as his agent, certain moneys in his hands;
and then introduced Wright's receipt for the same, which
was in these words:

"Received, January 7th, 1837, of Peter Donaldson, the
sum of $5,000, on account of a certain piece or parcel of
real estate, with the appurtenances, situate in the city of
Tuskaloosa, and known as the Bell Tavern, in which said
Donaldson now resides. Also, received of the said Don-
aldson the further sum of $1,250, being the amount of
money received by said Donaldson from Cabiness & Le-
land, for Jno. C. Waters, for certain real estate sold by
Donaldson for Waters, as his agent. The above sums of

money I promise and bind myself to pay over to the said Jno. C. Waters, of Jasper county, Georgia.

Witnesses:          (signed)  WILLIAM W. WRIGHT,
Pleasant H. May,          Agent for Jno. C. Waters.
Peter E. Donaldson.

"The plaintiff then introduced William Braley as a witness, who testified, that he was one of the administrators of said Peter Donaldson; that one Cribbs was first appointed, but only acted a short time, and was now in California; that he, as such administrator, examined the papers of said Donaldson, but found no written evidence of the sale of the property called the 'Bell Tavern,' from Waters to Donaldson, except the said receipt of Wright; that all the papers of said Donaldson, so far as he knew or believed, came to his possession as such administrator; that said Waters, in 1845, presented to him, as such administrator, an account for $4,800, which he claimed as a debt against said Donaldson for the rent of the Bell Tavern; that he told Waters, that it was very strange he should present such an account for rent, when he had sold said property to Donaldson, as he (witness) had found a receipt among Donaldson's papers, showing that he had paid $5,000 on account of the sale of said property; that he offered to show said receipt to Waters, who said that he did not want to see it—that he knew all about it, that he attended to his own business, and to his suits in Georgia; that he did not deny there was a sale, and said he would have made a title, but that all the purchase-money had not been paid; that he also said Donaldson owed him more, but did not state how much. On cross-examination, said witness stated, that he did not know anything about the terms of the sale.

"The plaintiff then introduced James O. Spiller as a witness, who testified, that he was the other administrator with said Braley, and as such had examined the papers of said Donaldson; that he did not find any other paper, showing said sale, except the receipt of said Wright. Plaintiff also proved notice to defendant to produce any written evidence of the sale by Waters to Donaldson, and

defendant stated that he had none. It was proved, also, that Waters was the son-in-law of Donaldson.

"The plaintiff then introduced the record of a suit, brought by Waters against David Johnston, as administrator of said Donaldson, founded on said account for rent; which suit was commenced on the 19th April, 1845, and was decided by a verdict and judgment for defendant on the 26th day of ———, 1847. Also, the record of another suit, brought by said Waters against Nancy Donaldson, the widow of Peter Donaldson, being an action of trespass to try titles to said Bell-Tavern lot, and to recover damages; in which suit, the writ was issued on the 24th November, 1845, and the suit was dismissed, on motion of defendant, at the May term, 1847. Also, the record of a suit brought by said Waters against said Nancy Donaldson, being an action of trespass to try titles to said lot; which was commenced on the 11th September, 1851, and judgment therein rendered for the plaintiff on the 23d March, 1852, for the said premises, and damages."

The defendant demurred to the plaintiff's evidence, and the plaintiff joined in the demurrer; whereupon, the court rendered judgment for the defendant, and its judgment is now assigned as error.

E. W. PECK, for the appellant.—1. The demurrer admitted every fact, and every conclusion that the evidence conduced to prove.—Foster v. McDonald, 5 Ala. 379.

2. The evidence tended to prove, 1st, a sale of land by Waters to Donaldson; 2d, that said sale was verbal, with no written memorandum or note thereof, signed by the party to be charged therewith; 3d, that Donaldson paid to Waters, on account of said sale, the sum of $5,000; 4th, that Waters, after the death of Donaldson, rescinded the sale, or treated it as void, or, by his acts and declarations, authorized Donaldson's administrator so to treat it. The sale being merely verbal, no action could be brought whereby to charge the vendor upon it.—Clay's Digest, 254, § 1. Consequently, any money paid by the purchaser, on account of said sale, may be recovered back in an action for money had and received.—Allen v. Booker,

2 Stew. 21; Smith v. Wooding, 20 Ala. 329; Hunt v. Sanders, 1 Marsh. 552; Grant's Heirs v. Craigmiles, 1 Bibb, 203; 15 Johns. 503. It was unnecessary to prove the terms of the sale, to make out a *prima-facie* case for the plaintiff.

3. Aside from the question growing out of the statute of frauds, the evidence tends to prove that Waters, after the death of Donaldson, claimed the right to rescind the sale, and had actually exercised it. Conceding that he had no right to rescind, and that a specific performance might have been decreed against him; yet, as he claimed and exercised the right, the purchaser's representative was not bound to dispute it; and having acquiesced in it, and brought suit to recover back the money paid, it does not now lie in the mouth of the vendor to say that such rescission was unauthorized.—Castleberry v. Pierce, 5 Stew. & P. 150. But a specific performance could not have been decreed. The sale was by parol; the purchaser was dead; and the terms of the contract were unknown to his administrator. Is it possible, in such case, that the vendor may enter upon and take possession of the land, or recover it in an action at law, and yet retain the money received on account of the sale? If the act of re-entry, or the recovery of the premises by suit, was consistent with the terms of the sale, it devolved on the defendant to prove it. The plaintiff's right of action could not be defeated, at law, by proof of such acts of part performance as would make out a case for a specific execution in equity.—2 Johns. 223; 6 Vesey, 39; 1 Vesey, 334; 1 Pick. 328; 9 Wendell, 68; 15 Mass. 92; Thompson v. Gould, 20 Pick. 138.

J. L. MARTIN, *contra*, cited Waters v. Spencer, 22 Ala. 460, which he contended was decisive of this case.

RICE, C. J.—As the demurrer to the evidence was interposed by the defendant, it was the duty of the court to render a judgment against him, if the jury, from that evidence, could legally have found a verdict against him; for the effect of his demurrer, when there was joinder therein, was an admission on his part, upon the record,

of every fact and every conclusion which the evidence tended to establish.—Shaw v. White, 28 Ala. 637, and authorities there cited.

But facts which did not occur until after this action was commenced, and which are essential to a recovery by the plaintiff, cannot support this action. In determining his right to recover, we must distinguish between facts occurring before the action was commenced, and facts occurring after it was brought. He must fail, unless the facts which existed when he sued entitled him to recover.

Conceding that the contract for the sale of the land, on which the money was paid by the plaintiff's intestate, was merely *verbal;* yet it is ' clear, that said intestate, as vendee, held the uninterrupted possession of the land for several years, and until his death; that for several years after his death, and until after this suit was commenced, his widow continued in the uninterrupted possession thereof; and that *up to the time when this suit was commenced,* nothing was said or done by the vendor, or by the vendee, his widow, heirs, or representative, which can amount, in law, to a rescission of the contract. The acts and declarations of the vendee, his widow, heirs, or representatives, *before the commencement of this suit,* do not even show an *intention* to abandon or rescind the contract. The acts and declarations of the vendor, *before the commencement of this suit,* show, at most, only an *intention* to rescind it; and when this case was previously in this court, it was decided, that in no aspect of the case could the mere unexecuted intention of the vendor to abandon the contract amount to an actual abandonment, or justify the vendee in so treating it.—22 Ala. 460.

In Cope v. Williams, 4 Ala. 362, this court, after commenting upon the previous cases of Allen v. Booker and Meredith v. Nash, decided, that one who has made a parol contract for the purchase of land, paid one half of the purchase-money, *and retains the uninterrupted possession,* cannot maintain an action against the vendor, for the recovery of the money received by him. The correctness of that decision has not been denied, but its authority has been recognized, in subsequent cases in this court; (John-

son v. Hanson, 6 Ala. 35; Gillespie v. Battle, 15 Ala. 276;) and we feel bound to adhere to it. See, also, Lewis v. Whitnell, 5 Monroe, 191.

In Johnson v. Hanson, *supra*, it was held, that *upon a verbal contract for the sale of land, the vendor* cannot maintain an action at law for the unpaid balance of the purchase-money, although the vendee has paid part of the agreed price, and retains the possession of the land. But that decision, even if apparently in conflict with what was held in Cope v. Williams, is really reconcilable with it. The only right of recovery asserted in Cope v. Williams, was founded on the statute of frauds. The only ground of defense relied on in Johnson v. Hanson, was founded on that statute. That statute "does not expressly and immediately vacate" a verbal contract for the [sale of land; it only precludes *the bringing of an action to enforce it, by charging the vendee or his representatives, on the ground of such contract, and of some breach thereof*. That description of action applied to the one brought in Johnson v. Hanson, but not to the one brought in Cope v. Williams. The statute *expressly created* the ground of defense which was relied on and sustained in Johnson v. Hanson; but it certainly did not *create* any such *right of action* as was asserted in Cope v. Williams, upon the facts shown in that case. In Johnson v. Hanson, the express words of the statute were obeyed; in Cope v. Williams, none of its provisions were disobeyed.—Crosby v. Wadsworth, 6 East, 603; Lewis v. Whitnell, 5 Monroe, 191.

. When the action is *upon a verbal contract* for the sale of land, it cannot be maintained, in *a court of law*. When, however, the action is not upon the contract itself, but upon the note of the vendee given for the price of the land, he cannot defeat a recovery, by merely proving that the contract was *verbal*.—Gillespie v. Battle, *supra*; Crosby v. Wadsworth, *supra*; Merriweather v. Taylor, 15 Ala. 735. And we think it would be absurd to hold, that although such proof would not entitle the vendee to retain the money which he had only thus promised to pay, yet it would entitle him, if he had actually paid it, to recover it back.

The case of Castleberry v. Pierce's Adm'r, 5 Stew. & Por. 150, cited for the appellant, is not a case arising out of a *verbal* contract for the sale of land. That case turned upon the ground, that the *vendor had rescinded* the written contract, by entering upon, selling and conveying the land to a stranger, and had thereby entitled the vendee or his representative to an action for the recovery of the money paid before such rescission. Conceding the correctness of the decision in that case, yet we cannot see how the concession can aid the plaintiff in the case at bar; for, as we have above said, there is no evidence in this case of any act or declaration of the vendor or vendee, or of the heirs or representatives of either of them, *before the commencement of this suit,* which can amount to a rescission or abandonment of the contract. The suit brought by the vendor, before this action was commenced, may show an *intention* or *offer* on his part to rescind; but the one for rent was successfully resisted by the administrator of the vendee; and the other, that is, the one against the widow, was dismissed on her motion. The bringing of these suits may have been authorized by the terms of the verbal contract. But whether that be so or not, they were defended, and the vendor failed to recover in either of them; and nothing is proved which enables us to say that they amount to a rescission of the contract.—Waters v. Spencer, 22 Ala. 460; Harris v. Rowland, 23 Ala. 648, referring to Walker v. Clay, 21 Ala. 797; Carter v. Walker, 2 Rich. 40.

We shall not decide whether the action of trespass to try titles, brought by the vendor, against the widow, *after this suit was commenced,* and the recovery therein by the vendor, amount to a rescission of the contract; for, if that be the effect of that suit and recovery, it cannot entitle the plaintiff to recover in this suit, because it occurred *after this suit was commenced.*

Our conclusion is, that according to the principles settled in Cope v. Williams, *supra,* and in this same case when it was formerly in this court, the evidence does not show any right in the plaintiff to recover in the present action, and that there was no error in sustaining the demurrer to the evidence.

Judgment affirmed.