# Russell *v.* Gregory, Adm'r.

## *Attachment.*

1. *Attachment; when cannot be maintained.*—If a vendor, who contracts to deliver cotton at a future day, certain, receives payment of the price, and before the day appointed disables himself from complying with his contract, the purchaser may treat the contract as rescinded, and sue presently for the money paid out; and an attachment on such a debt would not be premature, though commenced before the time fixed for the delivery of the cotton; but where there is no proof of a breach of the contract, other than the failure to deliver, on the appointed day, an attachment sued out before that time is prematurely brought and cannot be maintained.

APPEAL from Barbour Circuit Court.

Tried before Hon. HENRY D. CLAYTON.

The appellant, W. M. Russell, sued out an attachment against Burrell Bottoms, the intestate of the appellee, Thomas J. Gregory, on the 18th day of November, 1865. The affidavit for the attachment averred that Burrell Bottoms was justly indebted to appellant in the sum of six hundred dollars, as damages for the breach of two contracts, as follows : On the 21st day of January, 1865, Russell purchased of said Bottoms five thousand pounds of cotton seed, for which he paid him the sum of six hundred and fifty dollars; and on the 21st day of January, 1865, Bottoms, in consideration of the payment of said sum, executed and delivered to Russell his written agreement, acknowledging the payment of that sum, and obligating him to deliver the cotton at any time before the 25th day of December, 1865. Bottoms had not delivered the cotton, which had been demanded by Russell, and had fraudulently disposed of the cotton. The affidavit further averred, that on the 26th day of January, 1864, Bottoms sold to Russell fifty-two hundred and fifty pounds of seed cotton for the sum of five hundred and twenty dollars, in consideration of which Bottoms executed a written agreement, acknowledging the payment of the money and obligating himself to deliver the cotton by the 25th day of December, 1864. The affidavit then averred the delivery of part of the cotton, and a failure on demand to

deliver the balance, and a fraudulent disposition of the cotton. On the trial the plaintiff introduced the written agreements in writing, showed the value of the cotton, and proved that the intestate of appellee had often, in his life-time, admitted the correctness of the plaintiff's demand. This was all the evidence in the case, and the court, at the request of the defendant, charged the jury that "if they believed all the evidence in this case, the plaintiff cannot recover." To this charge the plaintiff excepted, and judgment being rendered for the defendant, he brings the case here by appeal, assigning the charge given as error.

D. M. SEALS, and JOHN A. FOSTER, for appellant.

JERE N. WILLIAMS, and FERN M. WOOD, contra.

BRICKELL, C. J.—When this cause was before this court at a former term, (Ex parte Bottoms, 46 Ala. 312), it was held, the affidavits disclosing that the vendor had disabled himself from a delivery of the cotton according to the terms of the contract of sale, the vendee had the right to treat the contract as rescinded, and sue presently for the money he had paid. Consequently the attachment, though issuing before the day appointed for the delivery of the cotton, was not premature.

On the final trial in the Circuit Court, the plaintiff offered no evidence tending to show that the vendee had, before the issue of the attachment, by a sale or other disposition of the cotton, disabled himself from keeping his contract. If there was a breach of the contract, it occurred subsequent to the commencement of the suit, by the failure to deliver the cotton at the time appointed. Facts not occurring until after the commencement of suit, essential to a plaintiff's right of recovery, will not support the action.—Donaldson v. Waters, 30 Ala. 175.

The judgment is affirmed.