ALLEN v. BOOKER.

1. Assumpsit lies to recover back money paid on a parol purchase of land; such contract being void by the statute of frauds.
2. The payment of part of the purchase money, does not take the case out of the statute.

DRURY M. ALLEN brought an action of assumpsit in Madison Circuit Court, against Parham N. Booker, to recover back one hundred and twenty-five dollars paid by him as a partial payment on a purchase of land.

At the trial in May, 1827, the plaintiff proved that he paid the money on account of a purchase of land made by him of Booker; that the contract was by parol; and that the land lay in the Arkansas Territory. The Court charged the jury, that the part payment of the consideration money by the plaintiff to the defendant, took the contract out of the operation of the statute of frauds; and that as the plaintiff could compel the performance of the contract on the part of the defendant, provided he complied with his agreement to pay the money, that he could not abandon the contract, and recover back in this action the amount paid. Under this charge, the jury found for the defendant. The plaintiff excepted; and assigns for error, in this Court, that those instructions given to the jury, were incorrect.

*a* 7 John. 206-7
1 Bibb 204-5.
6, 564.
3 Bibb 2.
4 Bibb 58.
1 Marsh. 553
14 John. 29.
15 John. 504.
Hoily v.
Brown.
1 Stewart
144.
2 Caine's Cases in error.
87.
*b* 1 Chit. Plead
marg.'41 342

THORNTON, for the appellant, argued: 1st. That by the correct construction of the statute of frauds, all actions are prohibited, which are founded on, and tend to enforce a parol contract for land.*a* And if this be correct, then that it follows as a necessary consequence, that the action to recover back money paid on such a contract is well founded.*b* And, 2nd. That should this Court even be disposed to enlarge the statute to the extent to which the English authorities had gone, when many of their judges had regretted it as an evil, that still, even according to their authorities, payment of purchase money is not enough to take a case out of the statute of frauds.*c*

*c* Sug. on Vendors 86 to 92.

KELLY and M'CLUNG, for the defendant in error. In contracts for the sale of land, the *lex loci rei sitae* governs; and the statute of frauds of the Territory of Arkansas, if any such statute is in existence there, is the rule for the decision of the right of the parties; and as it does not appear from the record that there is any such statute in force in Arkansas, there is no statute of frauds that is applicable. Although the reason assigned by the Court below for its charge may not be sufficient, yet the charge in itself is sound; and that is sufficient to sustain our judgment. The charge then in substance was, that the statute of frauds of Alabama did not apply, and this was correct.

If Allen had sued for a conveyance, or for damages for a breach of the contract, then Booker would have been required to prove that he had performed his contract according to the law of Arkansas. But it is not alleged by Allen that Booker is unwilling to comply; his action assumes a

right in himself to refuse to allow a performance by Booker, and that he has a right to avoid the contract and claim the money. He asserts that the contract is void. At common law the contract is valid and binding; this is *prima facie* enough for the defendant to shew. Allen replies to this, the statute of frauds of Alabama; the force of which objection is destroyed by Booker, by the proof, that the land lies in Arkansas, and that it must abide the law of that country, where this Court presumes the common law alone to be in force, in the absence of proof of the existence of any statute. This takes from Allen his only objection to the validity of the contract The *onus* is thus thrown upon Allen to shew the law of Arkansas; and he not having shewn any, must fail. The Court will never presume that any thing was proved which does not appear, in order to reverse a judgment. Whoever assigns error, must shew by his bill of exceptions, that he did make all the proof he relies on.

JULY 1829.

Allen
v.
Booker.

THORNTON, in reply. The locality of the land is immaterial; that question was not the one reserved for revision here. There is no contest as to the existence of the statute of frauds in Arkansas; nor as to what statute of frauds should govern the cause, that of Alabama or that of Arkansas. The proof produced in the Court below is not set out; nor is it necessary it should be, for the purpose of revising the only point reserved, which is, whether or not the payment of part of the purchase money will take a case out of the statute; and if under the statute, the plaintiff could abandon the contract and recover back money so paid, or whether the plaintiff was compelled to claim or receive a conveyance as his only remedy.

The cause was argued at July term, 1828, and reversed and remanded. A re-hearing having been granted, the case was again argued at this term, when the opinion of the Court was delivered

By JUDGE TAYLOR. It is considered unnecessary to enter into a minute investigation of the doctrine which governs parol contracts for the sale of land, under the statute of frauds. Our statute is in the precise language of that of England, and of a majority of the States. The constructions given to the statute by the Courts of Westminster, are well known. They have determined many cases to form exceptions, notwithstanding the comprehensive terms of the statute; and numerous decrees have been made by

JULY 1829.

Allen
v.
Booker.

the Chancellors of that country by which the specific performance of such contracts has been enforced. The reasons for this departure from the letter of the statute, given in those decisions is, that in the several cases in which the decisions have been made, the defendants were endeavoring to use the statute to effect a fraud upon the plaintiffs; and that it could never have been the intention of the Legislature, that a statute made to prevent fraud, should be so expounded as to give a reward to him who practiced fraud.

It has been much questioned, even in England, whether the most correct course for the Courts to have adopted, would not have been rigidly to execute the statute in accordance with its words; and many of the most enlightened Judges of that country have expressed great regret that it has ever been departed from, except in cases of a most extraordinary nature. In modern times, there is a much greater indisposition to decree the specific performance of a contract of this description than formerly: and the Courts manifest a great inclination again to take shelter under the wings of the statute, from which they had so greatly departed. The observations of Lord Redesdale, in Lindsay v. Lynch,[a] indicate this in strong terms.

*a* 2. Schoales and Lefroy 5.

In the United States, the cases uniformly shew, that the Courts are rather inclined to restrict than to enlarge the cases of exception to the strict execution of the statute. In the case of Grant v. Naylor,[b] that distinguished Judge, Chief Justice Marshall, observes, "already have so many cases been taken out of the statute of frauds which seem to be within its letter, that it may well be doubted whether the exceptions do not let in many of the mischiefs against which the rule was intended to guard. The best Judges in England have been of opinion, that this relaxing construction of the statute ought not to be extended further than it has already been carried, and the Court entirely concurs in that opinion."

*b* 4 Cran. 235.

In some of the States it has been determined, that the statute must be rigidly construed, and that no case whatever the circumstances may be, will authorize an exception.[c]

*c* 1 Bibb R. 204. 3 Bibb 2. Also the case of W'Clure v. Patten, lately decided by the Court of App. of Tennessee.

I am not prepared to go the length of the cases last cited. Our statute was enacted long after the construction given to that of England by their Courts, was known in this country; and we cannot suppose that the enlightened body which enacted it, was ignorant of the course pursued by the English Courts. If it had been intended to preclude the

JULY 1829.

Allen
v.
Pooker.

Courts from departing from the letter of the law, words to that effect might easily have been inserted. But in the variety of decisions on this subject, I do not now recollect one which determines that the payment of part of the purchase money authorizes a decree of specific performance; nor can I conceive any good reason for such a decision. To authorize a departure from the statute in any case, the party asking it should be so situated, that no other remedy which the law can afford him, would place him in as good a situation as he was before the contract was made; in fact it must satisfactorily appear that the opposite party is using the statute as an engine of oppression. This would often be the case where possession had been given, and extensive improvements made by the purchaser. But in the present case, the defendant is the vendor, and the repayment of the money by him, will merely place him where he was before the contract was made, which would always be the case, in all instances, where there was nothing done by the parties to the contract, but simply the payment and receipt of the purchase money.

I am therefore clearly of opinion, that neither the payment by the purchaser of a part or even the whole of the purchase money in such case, would of itself, take the case out of the statute. Therefore, the Court erred in the instructions given to the jury.

But it is objected, that even should there have been error in this respect, yet the judgment cannot be reversed, for two reasons: 1st, By the terms of the statute, no suit is authorized to recover back the purchase money which has been paid; and 2d. The land which was the subject of the contract, is situated in the Arkansas Territory, and the contract must be governed by the laws of that Territory; and it does not appear to have been proved on the trial of the cause, that any such law has been enacted, in that Territory, as our statute of frauds.

The statute of frauds enacts, "that no action shall be brought whereby to charge the defendant upon any contract for the sale of lands, tenements or hereditaments, or the making any lease thereof, for a larger term than one year." The clear object is to prohibit any suit to recover damages *for the breach* of, or to enforce the agreement. But the present is not brought for either of these purposes, but is to recover money which the plaintiff alleges he has paid without consideration. The object is not to charge the defendant upon a contract by parol for the sale of lands,

4

JULY 1820.

Allen
v.
Booker.

*a* 1 Marshall's
Rep. 552.

*b* 1 Bibb 203.

*c* Page 206.

*d* 15 John. R.
503.

but to recover back money which the plaintiff alleges the defendant has received of his. There is certainly no more danger of the commission of a fraud or perjury i' a case of this kind, than in any other action for money. The reason of the law, therefore, does not extend to the case. But I am not left to determine from reason alone; express. authority is easily adduced on the subject. The case of Hunt v. Sanders,*a* is precisely in point. That was an action of assumpsit, for money had and received, instituted by Sanders in a Circuit Court of Kentucky, to recover from Hunt, a sum of money paid by him to the defendant on a parol contract for the purchase of land. The statute of that State is precisely the same with ours, and a recovery was had in the Circuit Court, and the judgment affirmed in the Court of Appeals. In the case of Grant's heirs v. Craig-miles,*b* in delivering the opinion of the Court,*c* which dismisses the bill filed for a specific performance of a parol contract for the purchase of lands, Judge Bibb observes "But this is only a partial evil resulting from a general good; an evil however not entirely without redress, since a person who has paid a consideration, deemed valuable in law, may have an action to recover back the consideration; although he cannot have the land itself for which it was paid." In Myer v. Fisher,*d* the Court observe: "But there is another ground on which the plaintiff had good right to recover the money received by the defendant on that note. It was received by the defendant without consideration; the contract for the exchange of farms was void by the statute of frauds, being by parol only." There can be no doubt, therefore, but that the suit is well brought.

As respects the last point, the question which it involves does not legitimately come before us on this investigation. An exception taken to the opinion of a Court, is generally accompanied by so much of the testimony given on the trial, as is sufficient to shew plainly the connection and materiality of the charge excepted to, with a correct decision of the case by the jury; and no more. It is not necessary to set out in the record, all the evidence which has been adduced in a cause, when much of that evidence can have no direct bearing upon so much of the charge of the Court as is objected to by the counsel taking the exception; nor will the appellate Court ever presume, that all the testimony adduced before the inferior tribunal is set out in the record, unless it is so declared to be, or unless it is perfectly evident from the record, that such is the fact. A contrary prac-

fice would often burden records with much useless matter, and greatly enhance the costs of parties. In this case it does not *certainly* appear, whether it was on the statute of Arkansas Territory or of this State, that the charge of the Circuit Court was founded. It is true, the probability is, it was on the statute of Alabama; but from the record, it possibly may have been otherwise. But even were it on the statute of this State, the Court may previously have determined that the contract was governed by the laws of Alabama, or the question may never have been raised below. when if it had, and the production of a statute of Arkansas like our own was required, the plaintiff might either have produced the law: or if he knew it existed, suffered a nonsuit; or upon an affidavit of surprise, applied for a new trial.[a] I am, therefore, of opinion, that this last is no ground upon which the judgment can be affirmed.

For these reasons the judgment must be reversed, and remanded. And of this opinion is a majority of the Court.

Judge SAFFOLD, not sitting.

JULY 1829.

Allen
v.
Booker.

a11 Whea. 81.