| 3s 207 |
| 96 523 |

## MEREDITH v. NAISH.

1. Payment of part of the purchase money is not of itself a sufficient part performance, to enable the vendor to enforce a parol contract for the sale of lands, and recover at law the remainder of the purchase money.
2. But where such circumstances are accompanied with the delivery of possession to the vendee, Chancery could enforce a specific performance, and therefore assumpsit will lie for the balance of the purchase money.

THIS was an action of assumpsit, tried in the County Court of Shelby county, at August term, 1828. The action was brought by A. Naish against D. Meredith, to recover $200, as a balance of purchase money due by Meredith on a purchase of land. The first count of the declaration charged that the plaintiff Naish, was in August, 1826, lawfully possessed of a certain section of land, &c.; that the defendant bargained with him for the purchase of said land for the sum of $1000; that the defendant executed his notes for $800, and agreed to pay the plaintiff the remaining $200, on condition that the plaintiff would make a title in fee simple to the defendant, within a convenient time, to a particular half quarter of said section of land; that in consideration thereof, and that the plaintiff had undertaken at the special instance and request of the defendant, to make title to said part of said land, and to perform on his part the conditions of the sale; that the defendant did undertake and promise to pay the plaintiff the said sum of $200, and perform all the other conditions of the purchase on his part; that the defendant in part performance of his said contract, did duly pay the

JULY 1830.

Meredith
v.
Naish.

notes given by him for a part of the purchase money, when due; that he, the plaintiff, did offer to make a good title to the defendant, to the said portion of the land according to his contract, on his paying the remaining $200; but that the defendant refused to receive the title and pay the said balance due the plaintiff. The second count sets forth that the defendant was indebted to the plaintiff in the sum of $200, for land sold and delivered. There was a third count on a *quantum meruit* for land sold and delivered. The defendant pleaded among other pleas, the general issue, and the statute of frauds. At the trial, the plaintiff relied on parol evidence to establish the contract laid in the declaration, no memorandum in writing having been made at the time of the making of the agreement. To this the defendant excepted, but the Court overruled the objection, the proof was admitted, and a verdict was found for the plaintiff and he had judgment.

Meredith sued out his writ of error to reverse this judgment.

PECK, for the appellant. The Court erred in admitting parol evidence to prove this contract. The case is clearly within the statute of frauds.[a] Courts of law will not take notice of any acts or part performance of a parol contract for the sale of lands for the purpose of taking them out of the statute of frauds, where there is no memorandum of the agreement or note thereof in writing, signed by the party to be charged therewith.[b] All the cases in which part performance is the ground relied upon to take them out of the statute, are cases in equity, without a single exception. Again, it is not upon the mere ground of part performance that Courts of equity grant relief in such cases, the relief is granted because of the fraud of the party who seeks shelter under the statute, from the obligation to complete a contract partly executed, and in such cases it is the peculiar province of the chancellor to afford the relief.[c] But even was a Court of law competent to entertain such a question, the pleadings do not shew that in this case there were any sufficient acts of part performance to take the case out of the statute.[d] The count on the special agreement does not even allege that the vendee was let into possession. The second and third counts are liable to the same objection; to support them the sale must be proved, and that cannot be done by parol. Assumpsit may be maintained to recover the consideration of

a 3 John. Rep. 211. 7 Ibid 205. 1 John. Ch. Rep. 131, 273, 14. John. Rep. 32.

b 8 John. Rep. 28. 2 H. Blk. 63, 68. 2 John. 223.

c Roberts on Frauds 137, 8, 9.

d Roberts on Frauds 137, 8, 9. 7 Vesey jr. 341. 5 Br. Parl. Cas. 45.

land bargained, sold and conveyed, but not where there is a sale only, without being consummated by an actual conveyance. For where lands are not only sold, but actually conveyed, then assumpsit for the price lies, for it is without the statute of frauds.[a] Here there was no conveyance, but only a bargain to buy, and that encumbered with conditions which were not performed.

MARDIS, for the appellee. Where the action is brought by the vendor to recover the purchase money, and the contract of sale is admitted in the declaration, by a fair construction of the statute, the case is not within it.[b] But we rely on a part performance, both by ourselves and the appellant, in which case the statute cannot operate.[c] The sale was an entire one of the whole tract, and the greater part has been paid. Meredith gave his notes, which were memorandums in writing, and he paid those notes; the contract cannot be divided, he cannot acquire a right to a part of the land and not to the whole. This comes clearly within the reason of the exception. It would be a fraud in him to retain a part, and reject the part of the land which might be of no value. The delivery of possession has always been held a part performance.[d]

PECK, argued in reply.

By JUDGE TAYLOR. There is no averment in the declaration that Meredith had been put in possession of the land by Naish, or that he had ever had the possession by virtue of the purchase; it is true that the second count in describing the agreement, states that the plaintiff bargained, sold and delivered the land to the defendant, but this general description of the contract can, by no legal rule, be admitted to embrace an averment of a substantive fact, without which there cannot be a recovery.

A special averment that the defendant enjoyed the possession of the land under the contract, and proof of that fact, in addition to the other averments contained in the declaration, would shew such a part performance of the contract as would authorise a Court of Chancery to enforce it specifically, and would therefore entitle the plaintiff to a recovery.

In the case of *Allen v. Booker*,[e] it was determined that payment of part or even the whole of the purchase money, is not such a part performance as to take a case out of the

27

JULY 1830.

Meredith
v.
Naish.

a 20 John. R. 338. 9 Mass. 514. 12 Mass. 514. 14 John. Rep. 210.

b Laws of Ala. 460.

c Fonbl. Equ. 177. Note A. Note E. 183, 6. Sugden on vendors 82- Note 1, 90.

d 14 John. 32. Roberts on Frauds 104, 163. 1 Stewart 144.

e 2 Stewart 21.

JULY 1830.  statute.    If the Court should under any combination of
circumstances, be induced to change that decision, this
Meredith    case does not present such circumstances.
v.              The judgment must be reversed; but that the plaintiff
Naish.      may have an opportunity so to amend his declaration as to
entitle him to a recovery, if the facts will authorize it, the
cause is remanded.

Reversed and remanded.