## COPE v. WILLIAMS.

1. One who has made a parol contract for the purchase of land, paid one half the purchase money, and retains the uninterrupted possession, cannot maintain an action against the vendor for the recovery of the money received by him.

THIS was an action of *assumpsit* in the Circuit Court of Pike, by the defendant in error against the plaintiff. The declaration contains the common counts, for work and labor done, goods, wares and merchandize sold and delivered, money lent

advanced, paid, laid out and expended, money had and received, and upon an account stated. The cause was tried on the pleas of *non assumpsit*, set off and payment.

At the trial the defendant excepted to the instructions of the presiding Judge to the jury. From the bill of exceptions it appears that the defendant had sold to the plaintiff the quarter of a quarter section of land for the sum of two hundred dollars, one hundred of which sum was to be paid in hand, the residue some short time thereafter. The plaintiff paid to the defendant a mare at the price of one hundred dollars; to recover back that sum this action was brought. The defendant had been, and continued up to the trial in peaceable possession of the land under his purchase, the occupancy of which, with its improvements, was worth from sixty to seventy-five dollars annually. The possession of the plaintiff had continued for three years. The sale from the defendant to the plaintiff of the land was not evidenced by writing, but the plaintiff had offered to pay the residue of the purchase money in notes, which offer was rejected unless he would insure their collection.

The defendant prayed the Court to charge the jury, that the purchaser of land taking and remaining in possession thereof, could not maintain an action against the vendor for the recovery of the money paid by him on such purchase; which charge was refused by the Court. *Further*, that the rent of the land for the three years during which it had been in the plaintiff's possession, was a fair set-off against his demand; which charge was also refused, on the ground that it was not pleaded.

LEWIS, for the plaintiff in error.
HARRIS, for the defendant.

COLLIER, C. J.—In Allen v. Booker, [2 Stew. Rep. 21,] it was determined that an action of *assumpsit* lies to recover back money paid on the purchase of land by parol, on the ground that such a contract was void by the statute of frauds. It is not expressly shown by the report of the case, that the purchaser was even in the possession of the land, or whether he did any act indicative of an intention not to perform the contract on his part other than to bring suit. And the Court

place their conclusion upon the reason, that as payment of part of the purchase money, did not take the case out of the statute of frauds, so as to authorize the enforcement of a specific performance of the contract, the plaintiff would be remediless if the action could not be maintained.

The facts of this case are materially variant from that cited, and entirely distinguish it. Here the plaintiff not only took possession of the land, but continued to occupy .it for three years, and up to the time of the trial. In Meredith v. Naish, [3 Stew. Rep. 207,] it was held, that where the purchaser of lands had paid a part of the purchase money and took possession under a parol contract, a specific performance might be coerced against the vendor, and the residue of the money recovered by him in an action at law. But independently of this decision, we are prepared to say, that the first instruction prayed should have been given. Morality forbids the idea that one man should take possession of another's property under a contract, which at most is *merely void*, and notwithstanding its continuous enjoyment, refuse to make for it any remuneration. Here the seller does not seek to recover of the purchaser upon his contract for payment, but the action is by the buyer, and assumes the utter invalidity of the contract, and asserts a right to be refunded what has been paid under it, although the purchaser's possession has never been molested, and the vendor has not refused to execute the contract. Such a demand is against equity and good conscience, and cannot be entertained.

It is needless to consider whether the last charge asked should have been given, as the action was not maintainable upon the proof.

The judgment is reversed and the cause remanded.