# Flinn *v.* Barber.

### *An Action to Recover the Purchase-money of Land.*

1. *Money paid under a parol contract for the purchase of land may be recovered.*—An action lies to recover money paid under a parol contract for the purchase of land, when the purchaser has not been placed in possession of the land under the contract.

2. *The introduction of superfluous evidence may authorize the admission ··of irrelevant testimony.*—A plaintiff by the introduction of unnecessary or ·superfluous evidence, may authorize the defendant to introduce testimony which would otherwise be irrelevant and inadmissible.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JAMES Q. SMITH.
The facts are contained in the opinion.

D. S. TROY, for appellant.—1. Appellant proposed by oral testimony offered and excluded, and also by the record evidence offered and excluded, to show that the credit which ·was allowed to him in his settlement of the administration of Watson Flinn was on account of the purchase-money ·due him for the land. This testimeny ought to have been

[Flinn v. Barber.]

admitted.—1 Brick. Dig. 809, § 81; 16 Ala. 664; ib. 543–32; ib. 375–36; ib. 525–1.

RICE, JONES & WILEY, for appellee.

BRICKELL, C. J.—The complaint contains two counts— the one for money paid and expended by the plaintiff for the defendant; and the other for money had and received by the defendant belonging to the plaintiff. The evidence of the plaintiff tended to show that the defendant had made sale to her of a tract of land he had previously sold and conveyed to her deceased husband, misrepresenting or concealing the fact, that he had previously conveyed the lands to her said husband. For the purpose of showing, as we suppose, a payment of the purchase-money to the defendant, the plaintiff introduced in evidence, the record of the settlement in the Court of Probate, of the defendant's administration on the estate of her husband. On this settlement, the defendant was allowed as a credit, the sum of $2,593 69-100, as paid to himself. The statement in the record of the settlement, is in general terms: "by cash paid B. Flinn, $2,593 69-100," not disclosing on what account it was paid, or on what ground it was claimed or allowed. The defendant having introduced in evidence, the promissory note of the husband, given for the purchase-money of the lands, offered evidence showing that the credit so allowed him, was not on account of the said note, but on account of a liability he as administrator of the deceased husband, was under to himself as administrator of one Bozeman. The Circuit Court on objection made by the plaintiff refused to admit the evidence, and its admissibility is the only question presented for revision.

The relevancy and admissibility of evidence generally depends on the circumstances under which it is offered. A plaintiff by the introduction of unnecessary, or superfluous evidence, may render it proper that evidence should be introduced by the defendant, which would otherwise be irrelevant and inadmissible. The purpose of the action, is the recovery of the money, the plaintiff had paid on a contract for the purchase of lands. If the contract, was verbal, as the evidence seems to indicate, and the plaintiff had not been under it, let into possession, the right of recovery, resulted from the statutory invalidity of the contract.—*Allen v. Booker*, 2 Stew. 21.; *Cope v. Williams*, 4 Ala. 362. On this ground, the plaintiff, by the evidence offered, did not rest her right

of recovery. The representations of the defendant, that the husband was not the owner of the land, and had not paid for it were shown, and the plaintiff proposed showing further the falsity of these representations. The record of the settlement of the defendant's administration of the husband's estate, showing he had retained from the assets a sum approximating the purchase-money was introduced. This was a fact having a tendency to show the falsity of the representation, that the purchase-money of the land, for which the note of the husband was outstanding, had not been paid; the representation that it was unpaid, having been made subsequent to the settlement. It cast on the defendant the burden of proving, to repel the inference to the contrary, that the sum was retained on some other account, and because of some other demand, than the purchase-money. The act of the plaintiff, rendered necessary and admissible the evidence which was offered.

Nor was the evidence subject to the objection that it was by parol, and contradictory of the record of the settlement. The record of the settlement does not disclose for what particular demand the credit was allowed, and the evidence simply gives application to its general words, which embrace any demand of like amount, for which the defendant had the right to retain.

The judgment is reversed and the cause remanded.