# Nelson *v.* Shelby Manufacturing and Improvement Co.

*Action to recover Money Paid as part Purchase-Money of Land.*

1. *Action to recover money paid under void contract; necessity of previous demand; statute of frauds.*—Money paid under a contract for the sale of lands, which is void under the statute of frauds, is held as money had and received for the use of the owner, and a previous demand is not necessary to the maintenance of an action by the owner to recover it back.

2. *Same.*—The purchaser of land may recover back the amount paid (without previous demand) in all cases where the purchaser has not subscribed a note or memorandum in writing within the meaning of the statute of frauds (Code, § 1732), and was not let into possession,

[Nelson v. Shelby Manufacturing and Improvement Co.]

so as to bring the contract within the exception provided in the statute, and the vendor has not subscribed a note or memorandum in writing, within the requirements of said statute, and has not estopped himself from asserting the invalidity of the contract; and it makes no difference in such case that the vendor is willing to perform.

3. *Statute of frauds, as to contract for sale of land; sufficiency of note or memorandum.*—A memorandum subscribed by a vendor, which acknowledges the receipt of a one-third cash payment for land described, and provides that "bond for title to said lot will be delivered on execution of notes for balance of purchase-money and return of this receipt, properly endorsed," is void, under the statute of frauds, in that the terms of payment of the balance of the purchase-money are not expressed, there being nothing to show the number of notes to be given, when they are to be made payable, or whether they are to bear interest, and, if so, at what rate.

4. *Exception to admission of evidence not set out in the record; presumption in favor of ruling.*—Where exceptions were reserved to the admission in evidence of a newspaper article, and also of an extract therefrom, but only the extract, and not the whole article or the context to the extract, was set out in the bill of exceptions, it will be presumed on appeal that the rulings were free from error, the facts upon which they were predicated not being shown by the record.

5. *Admissibility of evidence on issue as to possession and control of land* On the issue as to whether plaintiff took possession of lots under a contract of purchase, where he selected the lots on a map before purchasing, the fact that he could at the time of the trial point them out on the map is evidence of his acquaintance with their location; and evidence that he spoke of the lots as his property, that he offered them for sale, and placed them in the hands of real estate agents for the purpose of sale, is competent to show claim of ownership and the exercise of control.

6. *Statute of frauds; parol evidence of contract within exception to.* While parol evidence is not admissible to supply a defect or omission in the written note or memorandum of a contract for the sale of land, yet it is admissible to show the terms of a complete verbal contract, where part of the purchase-money was paid, and there is evidence that the purchaser was put in possession of the land by the seller, so as to bring the contract of sale within the exception provided by the statute (Code, §1732, sub-div. 5).

7. *Showing as to what absent witness would prove; objection to, when comes too late.*—Where a party makes a written showing as to what an absent witness will prove, and facts are stated in language decided by this court to be competent, and, for the purpose of a trial, the statement by consent is admitted as evidence, it is too late, after the trial has begun, for the opposite party to raise an objection to it on the ground that he has the right to cross-examine the witness, and to require of him explanations of his statements and the sources of his information.

8. *Argument of counsel; when objection to, not considered on appeal.* When no exception was taken at the time to statements deemed objectionable in the argument of counsel, and no motion was made to exclude them, such objection will not be considered on appeal.

9. *Rescission of contracts; when failure to fulfill promise will authorize,* The failure to fulfill a mere promise or undertaking—something to be done in the future—alone, will not authorize a rescission of a contract upon the ground of fraud. It is the making of such promise, having no intention at the time to perform it, that constitutes fraud for which a contract may be rescinded.

[Nelson v. Shelby Manufacturing and Improvement Co.]

10. *Same; evidence to rebut proof of fraud.*—Where a contract for the sale of land is sought to be rescinded by the purchaser, and there is evidence tending to show that promises were made by the seller without any intention at the time of performing them, it is competent to rebut such proof by showing that the promises were made in good faith; and facts which reasonably account for the failure to carry out the promises are admissible in rebuttal.

11. *Receipt given by seller for part of purchase-money of land; construction of.*—Upon payment by the purchaser of land of one-third of the purchase-money, the seller executed and delivered to the purchaser a written instrument, as follows: "Received of F. N. Jr., $233.33, being one-third cash payment on lot No. 1 of block No. 63. Bond for title to said lot will be delivered on execution of notes for balance of purchase-money, and return of this receipt properly endorsed." *Held*, that the receipt did not authorize the purchaser to take possession of the lot before he complied with the other terms of sale stated in the receipt.

12. *A charge which withdraws material evidence from the consideration of the jury* should be refused.

APPEAL from the Circuit Court of Shelby.

Tried before the Hon. JAMES R. DOWDELL.

This was an action for money had and received, and was brought by the appellant, Frank Nelson, Jr., against the appellee, The Shelby Manufacturing and Improvement Company, a domestic corporation. The complaint contained fourteen counts. Each of the first thirteen counts was for separate sums of money, and the fourteenth count was for all of these sums of money in the aggregate. The defendant pleaded *non assumpsit*.

The plaintiff testified as a witness in his own behalf. On his cross-examination, the defendant produced a map, and asked the witness to designate on the map the lots mentioned in the receipts. The plaintiff objected to the use of the map for the purpose of designating said lots thereon, upon the following grounds: (1) because it was an attempt to connect the map with the paper received and put in evidence, identifying the lot in that way, and (2) because the land had never been platted and recorded as required by law. The map itself was not admited in evidence, but, on objection of plaintiff, was excluded. The court allowed the witness to look at the map, to designate and locate the lots in question by streets and avenues, and the plaintiff duly excepted to the ruling of the court in allowing the map to be so used. The other rulings of the lower court upon the evidence which are considered by this court are sufficiently stated in the opinion.

The following, among other written charges requested by the defendant, were given, to the giving of each of which the plaintiff separately excepted: "(16.) The plaintiff, in taking possession of the lots under the contract of sale in

this case, would not be a trespasser. The receipt which the defendant gave to plaintiff authorized the plaintiff to take possession of the lots so purchased by him." "(24.) If the jury believe from the evidence that, at the time of the sale, or afterwards, the plaintiff paid the defendant a part of the purchase-money for certain lots, and was let into possession, then they must find for the defendant." Verdict and judgment having been rendered for the defendant, the plaintiff made a motion for a new trial, and one of the grounds of said motion was that the defendant's counsel, in his argument to the jury, made certain statements which are set out in the bill of exceptions; but the bill of exceptions does not show that the plaintiff objected to said statements when they were made, or moved to exclude them before the case was submitted to the jury. The plaintiff appeals, and assigns the various rulings of the lower court as error.

PETTUS & PETTUS, for appellant.—1. The contracts for the sale of the lots are void under the statute of frauds of this State.—Code, § 1372: *Phillips v. Adams*, 70 Ala. 376; *Heflin v. Milton*, 69 Ala. 354; *Grant v. Shorter*, 57 Ala. 253; *Knox v. King*, 46 Ala. 367. 2. Money paid under a contract, void under the statute of frauds, may be recovered back with interest.—*Flinn v. Barber*, 59 Ala. 446; s. c. 64 Ala. 193; *Allen v. Booker*, 2 Stew. 21; *Keith v. Patton*, 2 Stew. 38; *Cope v, Williams*, 4 Ala. 362; *Sims v. McEwan*, 27 Ala. 184; *Donald v. Waters*, 30 Ala. 175; *Rice v. Pete*, 15 Johnson, 503; *Utica Bank v. Van Gieson*, 18 Johnson, 485. 3. No demand for the return of the money was necessary before the institution of the suit.—*Scott v. Bush*, 26 Mich. 418; *Flinn v. Barber*, 64 Ala. 193; *Allen v. Booker*, 2 Stew. 21; *Rutherford v. McIver*, 21 Ala. 757; 1 Brick. Dig. p. 140, §§ 72, 73; 5 Am. & Eng. Ency. of Law, 528. 4. Part performance, when relied on to take a contract out of the statute of frauds, must be proved by the party relying on it.—*Williams v. Morris*, 95 U. S. 457; *Phillips v. Thomas*, 1 Johns. Ch. 131; *Pike v. Pettus*, 71 Ala. 98; Browne on Statute of Frauds, §§ 452, 493; 7 Am. & Eng. Ency. of Law. 96. 5. To take a case of a parol sale of land out of the statute of frauds, the vendee must take actual, open, notorious, exclusive and continuous possession of the premises, in pursuance of the contract.— *Miller v. Zufoll*, 113 Pa. St. 223; *Detrick v. Shaner*, 95 Pa. St. 321; 8 Am. & Eng. Ency. of Law, 743; Buswell on Adverse Possession, § 237.

KNOX & BOWIE, *contra.*—The right of the vendee of land by verbal contract to recover the money or other considera-

tion he has paid, is confiend to cases where the vendor has refused or become unable to carry out the contract, the plaintiff himself having faithfully performed or offered to perform on his part.—Browne on Stat. Frauds, §§ 122, 122a; *Donaldson v. Waters*, 30 Ala. 175; *Gillespie v. Battle*, 15 Ala. 276; *Bates v. Terrell*, 7 Ala. 129; *Johnson v. Hanson*, 6 Ala. 351; *Cope v. Williams*, 4 Ala. 362; *Rhodes v. Storr*, 7 Ala. 346; *Meredith v. Nash*, 3 Stew. 207; *Keath v. Patton*, 2 Stew. 38; *Allen v. Booker*, 2 Stew. 21; *Cooper v. Hornsby*, 71 Ala. 65; *Shakespeare v. Alba*, 76 Ala. 355; *Comer v. Sheehan*, 74 Ala. 458; *Oliver v. Ala. Gold Life Ins. Co.*, 82 Ala. 425. In *Flinn v. Barber*, 64 Ala. 193, the undisputed facts showed that the defendant had neither the title nor possession of the land which he attempted to sell the plaintiff, and that it was out of his power to deliver either to the purchaser. The right of the plaintiff in that case to recover back the purchase-money which she had paid was plain, under all the decisions, English and American. Such being the undisputed evidence in the case, as appears from the opinion itself, it would seem wholly unnecessary to discuss what the rights of the parties would have been, if the vendor had been ready, able, and willing to furnish both possession and a good title to the purchaser. So far as the opinion departs from the decision of the point actually involved, it is mere *dictum*, and not authority. We have not found a case which follows or approves the reasoning of the opinion in that case.

It is not denied that the defendant has expended over one hundred thousand dollars on the improvements actually erected, but plaintiff claims the right to rescind, because all the things promised by the president of the company have not been completed,—and this, too, without any previous offer to rescind, or to restore the *status quo* of the parties. Without regard to the conflict in the evidence on this score, and taking the testimony in its strongest aspect for the plaintiff, it is evident the case is not one for rescission on the ground of fraud.—*Birmingham Warehouse & Elevator Co. v. Elyton Land Co.*, 93 Ala. 549; *Bradfield v. Elyton Land Co.*, 93 Ala. 527; *Henry v. Allen*, 93 Ala. 197; *Montgomery So. R. Co. v. Matthews*, 77 Ala. 357; *Lockwood v. Fitts*, 90 Ala. 150; *Jemison v. Woodruff*, 31 Ala. 143; *Dill v. Camp*, 22 Ala. 249; *Armstead v. Hundley*, 7 Gratt. 52; *Clough v. London & Northwestern R. Co.*, L. R. 7 Ex. 26; *Lawrence v. Gayety*, 78 Cal. 126; s. c., 12 Am. St. Rep. 29; 1 Bigelow on Fraud, 75, 437.

Neither actual occupancy, cultivation, nor residence is necesssary to constitute actual possession. Possession must be such as the property is capable of.—*Ewing v. Burnett*, 11 Peters, 53; *Morrison v. Kelly*, 74 Am. Dec. 173.

The exclusion of the newspaper article as evidence is not shown to have been erroneous. The presumption is that the lower court ruled correctly, and that the article, if produced, would justify that ruling.—*Barwick v. Barkley*, 45 Ala. 215; *Bynum v. Southern Pump Co.*, 63 Ala. 462.

The giving of charge No. 24 was not error. There was an utter absence of evidence to show fraud of any kind. Charge No. 16. is correct. The receipts were at least a license to the plaintiff authorizing him to take possession of his property without becoming a trespasser.—*Syron v. Blakeman*, 22 Barbour, 336; *Dunham v. Townsend*, 110 Mass. 440; 13 Am. & Eng. Encyc. of Law, 546; 1 Washburn on Real Property, 626.

COLEMAN, J.—The plaintiff. Nelson, sued in assumpsit to recover back money paid as a part payment for the purchase of certain lots sold to him by the defendant, (appellee.) The right to recover is based upon two grounds: *first*, the invalidity of the contract of sale under the statute of frauds; and, *second*, actual fraud in the sale of the lots. It is conceded that there was no note or memorandum of the agreement in writing, subscribed by Nelson, the plaintiff, or by other person for him, as required by the statute. The material facts of the sale and purchase, so far as the agreement is affected by the statute of frauds, are undisputed, and may be briefly stated as follows:

After extensive advertisement, on the first day of April, lots in the town of Shelby, Shelby county, were put upon the market for sale. A fixed valuation was placed upon the several lots, and those wishing to purchase drew for first, second and third, &c., choice of lots at the valuation fixed. The town was platted and mapped, upon which could be seen the location and size of each lot by number and block, and its value, and this map was tacked down on a large table in the office of the company. When it became plaintiff's turn to select the lots he wished to purchase, he went into this office and selected thirteen lots located in different parts of the town, and of various valuations. As each lot was selected by the plaintiff, a written memorandum, signed by the company's agent, was handed to him, and when his selections were completed, he took the several memoranda into an adjoining room, to the treasurer of the company, made a one-third cash payment, and received from the treasurer of the company a written receipt for the cash payment, and statement of the contract of sale. Similar memoranda of the selection, and receipts for the one-third cash payment,

[Nelson v. Shelby Manufacturing and Improvement Co.]

were executed for each of the thirteen lots, but, as they were similar, it is necessary to set out only one of each. At the time of the selection of a lot by a purchaser, the memorandum given was as follows : "Sold to Frank Nelson, Jr.: 1 lot, 1 R. 70, block 63, $10.00. For the Shelby Mf'g & Improvement Co., by J. Schwed." Upon its presentation to the treasurer, and the payment of the one-third cash payment, a written instrument, as follows, was executed and delivered to the purchaser: "No. 277. Shelby Manufacturing & Improvement Co., Shelby, Ala., April 3d, 1890. Received of Frank Nelson, Jr., two hundred and thirty-three 33-100 dollars, being one-third cash payment on lot No. (1) of block No. 63. Bond for title to said lot will be delivered on execution of notes for balance of purchase-money, and return of this receipt properly indorsed. T. H. Hopkins."

Suit was brought to recover back the cash payment, without an offer to execute notes for the balance of the purchase-money, and without previous demand, or further notice of an intention not to abide by the purchase. The ability and readiness of the vendor to carry out its agreement and make good and sufficient bond for title was not questioned. Whether the plaintiff ever had actual possession of the lots, or either of them, was a controverted question on the trial. There was no objection or hindrance to his taking possession of twelve of the lots purchased, at any time, if the purchaser had seen proper to exercise the privilege. There is some contention as to one of the lots.

We will first consider the question upon the hypothesis that plaintiff in fact never took actual possession, and see whether upon this hypothesis he is entitled to recover back the purchase-money paid. The present Statute of Frauds (Code, § 1732,) provides, that "In the following cases every agreement is void, unless such agreement, or some memorandum thereof, expressing the consideration, is in writing, and subscribed by the party charged therewith, or some other person by him thereunto lawfully authorized in writing." Sub-div. 5. "Every contract for the sale of lands, tenements or hereditaments, or any interest therein, except leases for a term not longer than one year, unless the purchase-money, or a portion thereof, be paid, and the purchaser be put in possession of the land by the seller." The old Statute of Frauds read as follows: "No action shall be brought upon any contract for the sale of lands, tenements, or hereditaments, or the making any lease thereof for a longer term than one year, unless the promise or agreement, upon which such action shall be brought, or some memo-

randum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person by him thereunto lawfully authorized."—Clay's Digest, p. 254, § 1.

Under the older act, that to be found in Clay's Digest, *supra*, it was held that a part performance, such as the payment of a part of the purchase-money, and possession, or even possession without payment, when taken in pursuance of, and under the contract, with the assent of the vendor, was sufficient to take the agreement outside the operation of the Statute of Frauds.—*Danforth v. Laney*, 28 Ala. 274. In such cases, notwithstanding the Statute of Frauds, both parties were bound. The vendee could enforce specific performance against the vendor, although his agreement to sell was wholly in parol.—28 Ala., *supra*.

To take an agreement for the sale of land out of the influence of the present Statute of Frauds, when there is no sufficient note or memorandum in writing, there must be a payment in whole or in part of the purchase-money, and, in addition thereto, the purchaser must be put in possession of the land by the seller. When there has been a part payment of the purchase-money, and possession of the land by the purchaser, the contract for the sale of land is excepted from the statute by its terms, and is mutually binding and enforceable by either party.

We need not consider the difference of the legal effect of the substitution of the word "subscribed" in the later act for the word "signed" as used in the older act, and the further difference that under the present act the agent who signs must have written authority. Excepting these two differences, the language of the two acts is precisely the same,—"and subscribed by the party to be charged." A sound rule of interpretation requires that the same legal significance and effect be placed upon the language "subscribed by the party to be charged," used in the present statute, as judicially declared under the former act. Many decisions had been rendered by the highest court of this State construing the Statute of Frauds enacted by the legislature, as stated in Clay's Digest, and were in force when the present statute (both using, in this respect, the same language) was adopted; and we can not suppose the legislature was ignorant of the judicial construction placed upon the statute by other courts and by this court, when the later act was adopted.

In the case of *Allen v. Booker*, 2 Stewart 21, the plaintiff Booker, sued to recover back money paid upon the purchase

Vol. 96.

of land. The contract of sale was wholly in parol, and there was no proof of possession. The question of the ability and readiness of the vendor to comply with the terms of the contract was not raised. The trial court charged the jury that the mere payment of the purchase-money took the contract out of the operation of the Statute of Frauds, and that plaintiff could compel a specific performance on the part of the vendor, and for this reason the plaintiff could not abandon the contract and recover back the amount paid. Exception was taken to this charge; and, reviewing it, this court held that the payment of part of the purchase-money alone did not authorize a decree of specific performance. The court held that the suit was well brought, and reversed the case.

In *Keith v. Patton, Ib.* 38, the suit was in trover to recover the value of horses which were paid as payment for the purchase of land. The contract of sale was wholly in parol. There was no proof of possession of the land. The case, as presented on appeal, did not involve a consideration of the Statute of Frauds, as the plaintiff failed to prove title, or a conversion, or value of the horses. The court stated that the plaintiff might have recovered in detinue without a previous demand and refusal to deliver the horses, if the defendant had refused to perform the contract, and that if the formal requisite had been satisfied by proof on the trial, the judgment would be reversed on the authority of *Allen v. Booker, supra.*

In the case of *Meredith v. Naish,* 3 Stew. 207, the plaintiff sued to recover a balance due in parol for unpaid purchase-money for land. It was held that part payment of the purchase-money and possession of the land would authorize a specific performance of the contract, and would *therefore* entitle the plaintiff to a recovery. In *Cope v. Williams,* 4 Ala. 362, a case frequently cited in our opinions, referring to *Allen v. Booker,* it is said the right to recover back the purchase-money rested upon the principle that there was no such part-performance by the vendee as to authorize him to enforce a specific performance of the contract against the vendor, and he would be remediless if he could not maintain the action, and that in *Meredith v. Naish, supra,* it was held that the unpaid purchase-money could be recovered, because the vendee could enforce a specific performance of the contract against his vendor.

In *Johnson v. Hanson,* 6 Ala. 351, it was held that when the contract was wholly in parol a vendor could not recover the balance of the purchase-money due for the land, although

the vendee had paid a part of the purchase-money, and was in possession of the land. The case is cited to show the principle of law recognized by the court. The conclusion is placed upon the proposition that "the contract conferred no rights upon either party." This case may not be in harmony with other cases in our court as to the application of the law to the facts, but the conclusion of the court is rested upon the principles of law clearly recognized in the other cases.

In *Bates v. Terrell*, 7 Ala. 129, it was held that a vendor could not maintain an action upon a promissory note which did not state the terms of the contract, given for land, although the vendee had paid a part of the purchase-money, and was in possession, there being no undertaking on the part of the vendor which imposed a legal obligation. The case of *Bates v. Terrell* was virtually overruled in *Rhodes v. Storr*, 7 Ala. 348, in which the court held that where a note was given for the purchase of land, the contract was executed so far as the purchaser was concerned, and that he could not resist payment, so long as the vendor was willing and able to perform anything which, in good conscience, he was bound to do. The conclusion of the court in *Rhodes v. Storr*, 7 Ala. 348, was reaffirmed in *Gillespie v. Battle*, 15 Ala. 276. In this latter case, however, the principle is recognized that the acceptance of the note given for the land and possession thereof by the purchaser had placed the vendor in such a condition as to authorize the enforcement of a specific performance of the agreement against him. "It can not be said," says the court, "that the consideration has wholly failed, since the defendant has derived and continues to enjoy an essential benefit conferred by the contract, and since the plaintiff has placed himself in a condition which enables the defendant, upon the payment of the purchase-money, to enforce a specific performance of the agreement."

In *Donaldson v. Waters*, 35 Ala. 107, there was no writing evidencing the sale, except the receipt for a part of the purchase-money. The proof showed that the purchaser took possession of the property. The suit was in assumpsit to recover back the purchase-money. It was held that plaintiff could not recover, unless a rescission of the contract, prior to the bringing of the suit, was shown; and the burden of this proof rested on the plaintiff. The same case is reported in 30 Ala. 175, and 22 Ala. 460; and the doctrines declared in *Cope v. Williams*, supra, *Allen v. Booker*, supra, *Meredith v. Naish*, 3 Stew. 207, were affirmed.

Other cases might be cited, but these embrace the prin-

cipal adjudications by this court, in the construction of the
Statute of Frauds, as it stood in Clay's Digest, upon the
question involved, and now under consideration. The old
statute contained the same phrase as the present,—that the
note or memorandum must be "subscribed [signed] by the
party to be charged therewith." In none of the earlier
cases was it held that a purchaser could recover back the
purchase-money paid, unless the evidence showed that the
vendor had rescinded the contract, or that the contract of
sale was not obligatory upon the vendor, and could not be
enforced against him, or that he was not able to comply with
his undertaking. These decisions do not go to the extent of
sustaining the contention that the purchase-money could
not be recovered back by the purchaser in cases where the
contract was void as to both parties, merely because the
vendor was willing to comply with the terms of the sale, but
was not legally bound to do so.

The following adjudications were made after the enact-
ment of the present Statute of Frauds:—*Flinn v. Barber,*
64 Ala. 193. The plaintiff sued to recover back money paid
on a contract for the sale of land. This court determined
from the evidence that "the transaction rested wholly in
parol; nor was it disputed that defendant had no title to, or
estate in, the premises, and that he had not, under the agree-
ment, let the plaintiff into possession." This being the
proof, under all the authorities, the plaintiff was entitled to
recover. Much is said in this opinion, perhaps, not neces-
sary to a conclusion upon the facts, but the *gravamen* of the
argument is to show that if the vendor is not bound, "if he
has the *unqualified right* to repudiate the contract, then there
is no contract, and no right upon which he can retain the
money." It was further held, that the mere willingness and
ability of the vendor to comply, independent of the legal
right of the vendee to enforce a compliance, would not au-
thorize a retention by him of the money paid by the pur-
chaser; and the principles declared in the earlier decisions,
which have been cited, are clearly recognized throughout
the opinion, that when there had been such a part perform-
ance as would authorize either party to enforce a specific
performance against the other, that neither could repudiate
the contract. The case of *Chambers et al. v. Alabama Iron
Co.,* 67 Ala. 353, was a bill for specific performance. Only
one of the parties—the defendants in the bill—subscribed
the writings. It is said, "When a party accepts and acts
upon an agreement of this character, conferring benefits
upon him, he is bound, though he may not sign it or sub-

scribe it, to the performance of the duties and obligation it imposes; and, while he may claim specific performance from the party signing, the converse right exists against him, and from him specific performance may be compelled."

In many English cases, and in some of the States, it is held that money paid on a purchase of land can not be recovered back, if the vendor is able and willing to carry out the contract of sale, although he may be under no legal obligation to perform. We are of opinion that this principle has never prevailed in this State. In *Flinn v. Barber*, it is said that the validity of the contract does not depend upon the willingness or election of the vendor, but upon the sufficiency of the written note or memorandum of the contract of sale, subscribed by him, to make it obligatory upon him, or upon such a part performance by the vendee, as to remove the contract from the operation of the Statute of Frauds, so that it became mutually binding. We find nothing in the earlier or present Statutes of Frauds which supports the conclusion that a contract not enforceable against a vendor as provided in the former, or which is declared void as to him by the present statute, because there is no sufficient written note or memorandum of the agreement to comply with its mandates, subscribed by him, and which affords the vendor complete protection against his vendee, may, by his election or willingness to perform, avoid the statute, and convert a contract it declares void into a valid agreement, enforceable against a vendee, who has subscribed no note or memorandum of the agreement, and has done no more than pay a part of the purchase-money. In such a case, neither party is bound, and the contract is void by the very terms of the statute itself. A contract void under the Statute of Frauds is void for all purposes.

The rule here declared is not at variance with the principle "that the only signature required is that of the party against whom the contract is to be enforced," and that there may be contracts which, by reason of the Statute of Frauds, may be enforced by one party, though not by the other. Benjamin on Sales, Ch. VII, § 174; *Heflin v. Milton*, 69 Ala. 354; *Manning v. Pippen*, 86 Ala. 264; *Ib.* 95 Ala. 537.

The following conclusions of law are deducible from the foregoing authorities, and sustained by principles of justice, and are applicable to the facts of this case:. *First*, That a purchaser of land, who has paid in part or in whole the purchase-money under his contract of purchase, can not repudiate the contract and sue and recover back the money paid when there has been such a part performance on his part

[Nelson v. Shelby Manufacturing and Improvement Co.]

as to entitle him to enforce a specific performance of the contract against his vendor, if the contract itself is free from fraud, and there has been no rescission of the agreement, and the vendor is able to perform. *Second*, A purchaser can not recover back money paid on a purchase of land, although he may not have signed or subscribed any note or memorandum in writing himself, as required by the Statute of Frauds, and may not have gone into possession of the land, if the vendor has on his part so complied with the Statute of Frauds by his written note or memorandum, as that he may be compelled to perform his contract by a court of equity, or held liable in damages for a breach thereof in any court of jurisdiction, and the contract itself is free from fraud in fact. *Third*, Where the contract for the sale of land is binding upon the vendor, and may be enforced against him, and the consideration of his obligation was the payment in whole or in part of money by a purchaser, and the vendor's obligation is accepted and held by the vendee in consideration of the money paid by him, the purchaser cannot, after receiving such benefit, at his election avoid the contract, so far as to entitle him to recover back the consideration paid, whether he subscribed any note or memorandum himself or not of the contract of sale, and without regard to the rights of the vendor to recover any unpaid balance of the purchase-money, if the contract was free from actual fraud, and the vendor is able to comply with his undertaking. In such a case the benefit to the promissor and detriment to the promissee is a sufficient consideration to support the contract against the promissor, at least so far as it has been executed by him by payment of the money. *Fourth*, That a purchaser of land may recover back the amount paid (without previous demand) in all cases where the purchaser has not subscribed a note or memorandum in writing within the meaning of the Statute of Frauds, and was not let into possession, so as to bring the contract within the exception provided in the statute, and the vendor has not subscribed a note or memorandum in writing, within the requirements of the Statute of Frauds, and has not estopped himself from asserting the invalidity of the contract. In such cases, there is no binding obligation upon either party—the vendor has parted with nothing, and the vendee has received nothing - and the money in the hands of the vendor *ex aequo et bono* belongs to the purchaser.

The next question is as to the sufficiency of the note or memorandum subscribed by the vendor, or his lawfully au-

thorized agent, as a compliance with the Statute of Frauds, so as to create a legal obligation on his part. The receipt for the money is as follows: "Received of Frank Nelson, Jr., $166.66, being one-third cash payment on lot No. 28 of Block No. 94. Bond for title to said lot will be delivered on execution of notes for balance of purchase money and return of this receipt properly endorsed." We are of opinion the note or memorandum subscribed by the vendor to execute bond for title as contained in the receipt for the money paid was void under the Statute of Frauds, and a failure to perform it by the vendor would give the plaintiff no cause of action against him. The rule that parol evidence may be introduced to supply defects and omissions in written instruments, which do not vary or contradict its terms, applies only to contracts which are valid; but parol evidence is not admissible to render valid undertakings which are void by reason of the Statute of Frauds. We may concede the memorandum to be complete in all respects except as to the terms of the payment. It says one-third cash, and "notes to be executed for the balance." Whether these notes are to bear interest, and, if so, the rate of interest, or to be payable in one, two, or ten years, or whether there are to be two or a half dozen notes, is not stated. To permit parol evidence to be introduced to supply the omission would break down the safeguards intended to be secured by the statute in all contracts for the sale of land. In *Jenkins v. Harrison*, 66 Ala. 345, 354, it is said, "The written statement must contain, either expressly or by necessary inference, all the terms of the agreement; that is to say, the names of the parties, the subject-matter of the contract, the consideration, and the promise, and leave nothing open to future treaty;" and to the same effect is the case of *Phillips v. Adams*, 70 Ala. 376. "If the note or memorandum shows only a treaty pending, and not a contract concluded, or if it annex conditions, or otherwise make variations, it has no effect as a memorandum to bind the party from whom it proceeds. The note should express the consideration, the terms, the parties, the property, and be signed by the party to be charged, or his agent."—*Carter v. Shorter*, 57 Ala. 253. No specific performance of a contract can be decreed in equity, unless the contract be actually concluded, and certain in all its parts. If the matter rests in treaty, or if the agreement in any material particular be uncertain or undefined, equity will not interfere.—Fry on Spec. Perf. §§ 164, 202; *McKibben v. Brown*, 14 N. J. Eq. 13.

[Nelson v. Shelby Manufacturing and Improvement Co.]

In *Carroll v. Powell*, 48 Ala. 298, cited in 57 Ala. 253, *supra*, the memorandum, after describing the land, stated as follows : "Bought by A. Carroll at $400." Commenting on this entry, the court uses the following language, PECK, C. J. rendering the opinion : "It does not state the terms of the sale, whether for cash or on a credit. It is, however, insisted that as it is not stated whether the sale was for cash or on a credit, the law presumes it was for cash. Admit this to be true in ordinary sales, it does not, in cases like the present, answer the requirements of the statute. The statute requires the terms of the sale to be stated as a part of the memorandum. If the terms of the sale or any of them, depend upon inference, or stand upon a legal presumption, such inference or presumption may be rebutted by oral evidence. This would leave the terms of the sale uncertain and to be determined by the evidence of witnesses, and thus the doors to frauds and perjuries would be opened, which the statute intended to close." See also *Adams v. McMillan*, 7 Port. 73. It follows from the foregoing conclusions that unless, in addition to the part payment of the purchase-money, "the purchaser be put in possession of the land by the seller," the contract of sale is void as to both parties under the statute of frauds, and furnishes no right to have a specific performance decreed, or a cause of action for a breach of the contract of sale. Where the contract rests wholly in parol, the mere ability of the vendor to let the purchaser into possession, and his assent that the purchaser may take possession, are not enough. There must be an actual voluntary taking of possession by the purchaser, and in pursuance of his contract for the sale of the land. If he refuse to go into possession, there is no legal authority to compel him to do so. Unless there is payment of the purchase-money in whole or in part, accompanied with possession, the contract is not taken out of the provision of the statute, and imposes no obligation on either party.

Can the action be maintained without a previous demand? The authorities are almost uniform to the effect that contracts for the sale of land, although they contravene the statute of frauds, are not strictly void ; and, to avoid the contract on the ground that it is offensive to the statute of frauds, it must be pleaded specially. If waived, and the contract is proven, it will be enforced.—*Shakespere v. Alba*, 76 Ala. 355; *Comer v. Sheehan*, 74 Ala. 452; *Cooper v. Hornsby*, 71 Ala. 62 ; *Espalla v. Wilson*, 86 Ala. 491 ; *Jonas v. Fields*, 83 Ala. 447 : *Lewis v. Teal*, 82 Ala. 290 ; *Gillespie v. Battle*, 15 Ala. 276 : *Patterson v. Ware*, 10 Ala, s47. It is equally a

34-96.

well settled rule that, if it affirmatively appear in a bill filed to enforce a contract, void under the statute of frauds, advantage may be taken of it by demurrer.—*Lewis v. Teal,* 82 Ala. 290; *Phillips v. Adams,* 70 Ala. 373; *Bolling v. Munchus,* 63 Ala. 374. The same principle is applicable in a court of law, if the complaint affirmatively shows that the contract counted on is void under the statute of frauds. No presumption arises under a contract void under the statute of frauds, that its nullifying defects will be waived by either party, and neither has a right to assume that it will be by the other party. If the contract is void under the statute of frauds, there is nothing to rescind—the agreement, so long as it remains unexecuted, vests neither party with any legal rights as against the other.—*Hughes v. Hatchett,* 55 Ala. 544. Money paid, or property delivered, under such conditions is held simply as money or property had and received for the use of the owner, and a previous demand is not necessary. If the holder received the money through actual fraud on his part, and has parted with nothing, suffered no detriment in consideration, a previous demand was not a pre-requisite to the maintenance of a suit by the owner to recover it back.—*Keath v. Patton,* 2 Stew. 33; *Allen v. Booker, supra; Rutherford v. McIver,* 21 Ala. 750.

The plaintiff offered in evidence an article which appeared in the Montgomery Advertiser prior to the sale, and designated a "write up." The article is not set out in the record, and this court can not judge of its relevancy and competency. The same objection applies to certain extracts from the article, which are given in the record. It may be that if the whole article, or the context to the extracts, were set out, a different significance would attach to the extracts than when read disconnected. It would be an unsafe practice for this court to presume the trial court erred, when the facts upon which the ruling was predicated are not before this court. *Barwick v. Barkley,* 45 Ala. 217; *Parsons v. Woodward,* 73 Ala. 348; *Bynum v. Southern Pump Co.,* 63 Ala. 465.

We see no objection to the testimony in permitting the witness to locate the lots on the map of the town. He had selected the lots on a map before purchasing, and the fact that he could point them out on the map at the trial was at least some evidence that he was to some extent acquainted with their location. It was *data* for legitimate argument in connection with other facts in evidence.

Statements and admissions of the plaintiff that he had offered the lots for sale, or placed them in the hands of real estate agents, or of his speaking of them as his property,

[Nelson v. Shelby Manufacturing and Improvement Co.]

were properly admitted. Such evidence tends to show claim of ownership, and the exercise of control. There is evidence that at the time of the sale notice was given that the vendor would retain the ownership and control of the houses then upon the lots. Whether the retention and renting out of the house situated in part on lots 27 and 28 by the vendor was in pursuance of the right thus reserved, until notified to remove the house, and subject to the right of the purchaser to enter and take possession of the lot purchased, or whether such holding was adverse to the purchaser, was a fact to be determined by the jury.

In *Woodstock Iron Co. v. Roberts*, 87 Ala. 441, it was held, that it was competent for a witness to testify "that the defendant went into possession of the lands and thereafter controlled the ―." In *South & North Ala. R. R. Co. v. McLendon*, 63 Ala. 276, it is said : "The true line of distinction is this, an inference necessarily involving certain facts may be stated without the facts, the inference being the equivalent of a specification of the facts," It is termed "a shorthand rendering of the facts."—*Elliott v. Stocks*, 67 Ala. 290; *Turnly v. Hanna*, 82 Ala. 139. The showing made by the witness Lapsley contains this statement, "The balance due in one and two years from date of first payment." This statement was not admissible to supply a defect or omission in the written note or memorandum of the contract of sale, but was admissible upon the contention that there was a complete verbal contract for the sale of the land, and the payment of a part of the purchase-money, and possession by the purchaser, so as to bring the contract of sale within the exception provided by the statute. Where a party makes a written showing as to what an absent witness will prove, and facts are stated in the language decided by this court to be competent, and, for the purpose of a trial, the statement by consent is admitted as evidence, it is too late, after the trial has begun, for the opposite party to raise an objection to it on the grounds that he has no right to cross-examine the witness, and to require of him explanations of his statements and the sources of his information.

The objection to the argument of opposing counsel can not be sustained. There was no exception taken at the time to the statements deemed objectionable, and no motion to exclude them. We need not consider whether there was any such improper statement of facts as to transcend the boundary of legitimate argument.—*Cross v. State*, 68 Ala. 484; *Jackson v. Robinson*, 93 Ala. 158; *Ala. Gr. So. R. R. Co. v. Frazier*, 93 Ala. 46; *Lunsford v. Dietrich*, 93 Ala. 571-2,

Under our view of the case, it becomes unnecessary to consider at much length the question of actual fraud, and the many assignments of error upon exceptions taken to the rulings of the court upon questions of evidence applying to this feature of the case. The suit was not brought to recover damages for a breach of any of the promises or guaranties, if any were made, as to improvements to be constructed in the future. The failure to fulfill a mere promise or undertaking—something to be done in the future—alone, will not authorize a rescission of a contract upon the ground of fraud. It is the making of such promise, having no intention, at the time, to perform it, that constitutes fraud for such a contract may be rescinded.—*Birmingham Warehouse & Elevator Company v. Elyton Land Co.*, 93 Ala. 553, and authorities cited; *Montgomery & So. R. R. Co. v. Matthews*, 77 Ala. 357. Evidence of representations or promises or guaranties of enterprises to be carried out in the future were admissible only for the purpose of showing actual fraud; and to have this effect it must appear that the promissor had no intention to perform at the time they were made. As to any fact proven by plaintiff which tended to show such fraudulent purpose or intention on the part of the seller as to promises to be performed in the future, it was competent to rebut such proof by showing that the promises were made in good faith; and facts which reasonably accounted for the failure of the enterprises or promises were admissible in rebuttal. When fraud *vel non* is the issue, great latitude is allowed the plaintiff, and the defendant is entitled to introduce evidence in rebuttal repelling injurious inferences.

Charges numbered 16 and 24 were erroneously given, and must operate to reverse the case. The first clause of charge 16 is not as unambiguous as it might have been written, but we are not prepared to say the words, "the plaintiff, in taking possession of the lots," are not sufficiently qualified and limited, by the words, "would not be a trespasser," to prevent the charge from being open to the objection that the charge assumed that plaintiff did take possession of the lots. The latter clause of the charge is objectionable, in that it declares that the receipt alone given to plaintiff for the money paid authorized the plaintiff to take possession of the lots. There is nothing in the receipt which gave the plaintiff the legal right to take possession of the lots under the contract of sale, upon the payment of one-third of the purchase-money in cash, without and until the execution of the notes. The vendor, of course, could have granted the privi-

lege, and if the evidence of Mr. Bush is correct, and we may add, it is not disputed in this respect, he authorized purchasers to take possession of the lots under the receipts, and before the notes were executed, but the right thus given was under the verbal privilege, if given, and not by virtue of the receipt itself. Without verbal or written permission to that effect, before the notes were executed, there is nothing in the receipt which authorized the purchaser to take possession of the lots until there was a further compliance with the terms of sale. If the purchaser was placed in possession by the vendor, that, in connection with the part payment of the purchase-money, was sufficient to except the contract from the statute, notwithstanding the insufficiency of that receipt. Charge 24 ignores all the evidence introduced for the purpose of showing actual fraud, in the sale. It was not for the court to declare that there was no evidence which authorized the jury to infer that there were fraudulent representations as to existing facts, or material representations or promises as to future improvements, made with the intent to deceive, and without purpose to perform, and upon which the plaintiff relied and had a right to rely. However unsatisfactory the court may have considered the evidence on this phase of the case, it was for the jury to determine the *bona fides* of the representations and statements and promises of future performance, if any were made, from all the evidence.

The evidence tended to show that the purchase of each lot involved a separate and distinct contract. The jury may have believed that plaintiff was put in possession of some of the lots, and yet not of all of them. There was a separate count for the recovery of the purchase-money paid on each lot, and then one count for the whole of the purchase-money paid on them all. The jury may have been satisfied that the purchaser was put into possession of certain lots, and not of all the lots. The use of the words "certain lots" in this charge in the connection used, when referred to the evidence, was certainly misleading, if not positively erroneous.

We deem it unnecessary to pass upon each assignment of error, specifically, as the principles of law we have declared dispose of every exception reserved.

For the errors pointed out, the case must be reversed.

Reversed and remanded.